17 So.3d 275 (2009)
Anthony SHEPPARD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC08-1452.
Supreme Court of Florida.
August 27, 2009.
*276 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Bill McCollum, Attorney General, Robert J. Krauss, Bureau Chief, and Patricia A. McCarthy, Assistant Attorneys General, Tampa, FL, for Respondent.
PARIENTE, J.
Anthony Sheppard seeks review of the decision of the Second District Court of Appeal in Sheppard v. State, 988 So.2d 74 (Fla. 2d DCA 2008), in which the Second District certified express and direct conflict with the decisions from the Fourth District Court of Appeal in Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004), and Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The conflict issue in this case is whether a trial court must strike as a nullity a defendant's pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l) where that defendant is represented by counsel and the motion does not include a clear request to discharge counsel, but contains allegations that give rise to an adversarial relationship, such as allegations that counsel misadvised the defendant, made affirmative misrepresentations regarding the terms of the plea, or coerced the defendant into *277 taking the plea. In accordance with its precedent in Grainger v. State, 906 So.2d 380 (Fla. 2d DCA 2005), Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004), and King v. State, 939 So.2d 1196 (Fla. 2d DCA 2006), the Second District held in Sheppard that absent an unequivocal request to discharge counsel, the motion to withdraw the plea must be stricken as a nullity and should not be considered by the trial court. 988 So.2d at 79. Conversely, the Fourth District has held that a trial court should not strike as a nullity a pro se motion to withdraw a plea based on allegations that give rise to an adversarial relationship, such as allegations that counsel misadvised the defendant, made affirmative misrepresentations regarding the terms of the plea, or coerced the defendant into taking a plea. See, e.g., Bermudez, 901 So.2d at 984; Peterson, 881 So.2d at 1129.
We agree with the Fourth District that a limited exception to the rule of striking pro se pleadings as nullities exists where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(l), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea. In these narrow circumstances, a defendant need not incant the phrase, "I request to discharge my counsel," to be entitled to a limited inquiry by the trial court into the allegations. Rather, the trial court is required in these circumstances to conduct a limited inquiry to determine whether an adversarial relationship exists such that defense counsel can no longer continue to represent his or her client at a hearing in which counsel will likely be an adverse witness.[1] Accordingly, we quash the Second District's decision in Sheppard and approve the Fourth District's opinions in Bermudez and Peterson. We also disapprove of the Second District's opinions that have followed Sheppard to the extent that they conflict with this decision. See Sumbry v. State, 3 So.3d 1259 (Fla. 2d DCA 2009) (table); Christiansen v. State, 993 So.2d 173 (Fla. 2d DCA 2008); McClelland v. State, 995 So.2d 557 (Fla. 2d DCA 2008).

FACTS AND PROCEDURAL BACKGROUND
Sheppard pled guilty to violating his community control previously imposed for convictions of two counts of uttering a forged instrumenta third-degree felony. The State offered Sheppard "a year and a day followed by four years of sex offender probation."[2] The offer was rejected. Defense counsel asked for a "straight time" sentence of eighteen to twenty-four months' imprisonment, with no probation. The trial court ultimately gave Sheppard a maximum sentence of ten years' imprisonment, consisting of two consecutive five-year prison terms. Sheppard, 988 So.2d at 75.
Within thirty days of sentencing, Sheppard filed a timely pro se motion to withdraw his guilty plea under rule 3.170(l) *278 based on the alleged misadvice of counsel. He asserted that his plea was involuntary because counsel had "refused to allow him to accept the State's plea offer and misled him about the sentence he would receive." Id. Specifically he alleged:
Prior to the hearing on the violation, Defendant spoke with counsel who informed him of a 1 year and 1 day with 4 years probation plea/admission offer from the State. Defendant immediately responded that he would like to accept the State's offer, however, counsel refused to allow Defendant to accept the State's offer, and told him that he was sure he could get him 2 years probation if he would enter an open plea/admission of guilt to the court.
The trial court held an evidentiary hearing on the motion at which the State called Sheppard's defense counsel, an assistant public defender (APD), as its only witness. As explained by the Second District:
The APD identified himself as an employee of the public defender's office assigned to the sexual offender division. Midway through the APD's testimony, the trial court interrupted the proceedings to ask, "Who represents Mr. Sheppard?" The APD replied, "This is a pro se motion." Unaccountably, the trial court then resumed the hearing. Mr. Sheppard did not take advantage of the opportunity to cross-examine "his lawyer." The unsworn statement that Mr. Sheppard offered in support of his motion is only three lines long in the transcript of the proceedings. Mr. Sheppard did not call any witnesses at the hearing.
Id. at 75-76. At the conclusion of the hearing, the trial court denied Sheppard's motion to withdraw his plea. Id. at 75. Sheppard appealed to the Second District. After considering the facts, the Second District observed:
This case bears a striking resemblance to the proceedings described in Grainger where the trial court likewise failed to strike a defendant's pro se motion to withdraw his guilty plea, which the defendant filed while he was represented by court-appointed counsel. In Grainger, we noted first that "[b]ecause [defense counsel] did not file the motion to withdraw plea on behalf of [the defendant], the trial court was required to strike the motion as an unauthorized pro se pleading." We identified a second misstepthis one committed by defense counsel "who, inexplicably, not only failed to act in a representative capacity for [the defendant] but became an adverse witness against his client." And finally, we identified a third error committed by the trial court when it considered the pro se motion on the merits without providing conflict-free counsel to the defendant:
Consideration of a motion to withdraw plea after sentencing, which is filed pursuant to Florida Rule of Criminal Procedure 3.170(l), is a critical stage in the proceeding, and an indigent criminal defendant has a right to the appointment of conflict-free counsel to assist in the filing of the motion.

Id. at 76 (citations omitted) (alterations in original) (quoting Grainger, 906 So.2d at 382). The Second District expressed its frustration that
[d]espite this court's attempt in Grainger to provide guidance to prevent the repetition of these errors, the trial court and the APD replicated them in Mr. Sheppard's case. The evidentiary hearing should have never taken place because Mr. Sheppard's pro se motion should have been struck as a nullity. The APD not only failed to act in a representative capacity for his client, he also became an adverse witness against *279 Mr. Sheppard at the hearing while he was still Mr. Sheppard's attorney of record. And finally, the trial court failed to recognize that Mr. Sheppard had a right to conflict-free counsel who could assist him in his attempt to withdraw his guilty plea.
Id. at 76-77 (citations and footnote omitted). The Second District, while noting the errors of the defense lawyer and the trial court, reversed the order denying Shepherd's motion to withdraw this plea and in accordance with its precedent, "require[d] that on remand his motion must be struck as a nullity." Id. at 77. Moreover, the Second District rejected Sheppard's request
to remand for an evidentiary hearing at whichabsent a knowing and intelligent waiver of his right to counselhe must be provided with conflict-free counsel. Mr. Sheppard argues that the allegations of counsel's misadvice in his pro se motion were sufficient to show that "an adversarial relationship" existed between him and his court-appointed counsel. According to Mr. Sheppard, this adversarial relationship with counsel negated the prohibition against the filing of pro se pleadings by defendants with counsel and precluded the striking of his pro se motion as a nullity even though the motion did not contain an unequivocal request to discharge counsel.
Id. The Second District also acknowledged that its decision was in express and direct conflict with Peterson and Bermudez and certified conflict with those two decisions. Id. at 79.

ANALYSIS

No Constitutional Right to Hybrid Representation
We begin with an overview of the law regarding pro se pleadings filed by defendants who are represented by lawyers. Simply stated, a defendant has a Sixth Amendment right to counsel and a Sixth Amendment right to represent himself subject to the limitations of Faretta v. State, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and the more recent case of Indiana v. Edwards, ___ U.S. ___, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). However, a defendant has no Sixth Amendment right to simultaneously proceed pro se and with legal representation.
As this Court held almost three decades ago in State v. Tait, 387 So.2d 338, 339-40 (Fla. 1980), the Sixth Amendment to the United States Constitution does not "guarantee that the accused can make his own defense personally and have the assistance of counsel." Likewise, article I, section 16 of the Florida Constitution "does not. embody a right of one accused of crime to representation both by counsel and by himself." Id. at 340.[3] Nevertheless, we also held that there is a qualified right derived from article I, section 16, for a defendant who is represented by counsel at trial, to "address[] the court or the jury in person" but that limited participation "is a matter for the sound discretion of the court." Id. More recently, we reiterated the holding that there is no constitutional right to hybrid representation at trial. See Mora v. State, 814 So.2d 322, 328 (Fla.2002). Nevertheless, in Mora, recognizing *280 the trial court's discretion in this area, we also held that the trial court did not abuse its discretion in allowing Mora to also give a closing statement after his counsel had addressed the jury. Id. at 328-29.
While Tait and its progeny set forth the law regarding trial representation, leaving the ability of a pro se litigant to separately address the court to the discretion of the trial court, a separate line of case law has developed addressing situations where the defendant complains about the incompetence of counsel. In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), approved by Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988), the court recognized that where a defendant wishes to discharge counsel, in order to protect the right of effective representation of counsel, a trial court should "make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Hardwick, 521 So.2d at 1074 (quoting Nelson, 274 So.2d at 259).
Therefore, although there is no constitutional right for a defendant to simultaneously represent himself and be represented by counsel at the trial court level, this Court has recognized that there should be a procedure in place in the trial court that affords the defendant an opportunity to express specific complaints regarding the incompetence of counsel and allow for inquiry by the trial court into those complaints. As explained in Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994):
[I]f the claim is that the appointed lawyer is not doing the lawyer's assigned job, one might wonder how that failure would ever come to light and be appropriately remedied if the person who is suffering from this inadequacy is not permitted to do so. Simply ignoring a pretrial assertion of ineffectiveness of counsel means that the claim is left to be taken up in post conviction relief proceedings. See, e.g., Johnson v. State, 501 So.2d 94 (Fla. 1st DCA 1987). The supposed rule that all pro se filings by represented defendants are a nullity thus makes no sense, at least in the circumstance of ineffective assistance of counsel, and may lead to a manifest injustice. It will almost surely result in a frequent squandering of public resources on wasted trials that have to be repeated.
In any event, the supposed nullity rule is contrary to Nelson. That decision makes no exception for pro se charges of ineffectiveness. Indeed it appears to have contemplated that it would be the defendant himself who would "make it appear." Nothing in Nelson requires that such charges be raised only by appointed counsel or they will be treated as a nullity. Nor is there anything inherent in the Sixth Amendment basis for Nelson that requires a trial court to treat as nonexistent all papers filed pro se by a represented defendant in the pretrial phase.

Graves, 642 So.2d at 144 (emphasis added).

The Appellate Policy of Striking Pro Se Pleadings
The appellate courts have uniformly refused to permit a defendant represented by counsel to file additional pro se briefs and papers. The considerations on appeal are somewhat different because at that point in the process the focus is on the legal issues. Thus, the articulated purpose behind the refusal of the appellate courts to allow litigants to file separate pro se briefs or pleadings in pending appeals is that allowing such pro se pleadings would *281 frustrate and confuse rather than advance the appellate process and the administration of justice. See Burke v. State, 732 So.2d 1194, 1195 (Fla. 4th DCA 1999) (citing Powell v. State, 206 So.2d 47, 47 (Fla. 4th DCA 1968)). In this Court we have likewise announced a policy that, even in appeals of death penalty cases, we will strike pro se pleadings or briefs where the party is represented by counsel, even where the defendant is alleging ineffective assistance of appellate counsel. See Davis v. State, 789 So.2d 978, 979-80 (Fla.2001).[4]
The concerns that the interests of justice would not be served by allowing pro se pleadings on appeal when a defendant is represented by counsel also led to this Court's opinion in Logan v. State, 846 So.2d 472 (Fla.2003), which involved defendants filing pro se petitions for relief in the Florida Supreme Court when the defendants were represented by counsel in the trial court. Over the years, this Court had seen an ever-increasing number of these pro se petitions and therefore in Logan, we announced a policy of striking pro se "extraordinary writ petitions" filed in this Court where the petitioners were represented by counsel in the trial court. Id. at 479. We explained the policy as one affecting the administration of justice:
The subject cases are representative of a similar problem this Court is having with regard to defendants in pending noncapital criminal cases. This Court has recently seen an increase in the number of these noncapital criminal defendants filing pro se petitions for extraordinary relief in this Court, asking this Court to grant them relief, either in the form of immediate release pending trial or absolute discharge from prosecution, while their cases are still pending in the trial court. What is clear in both the subject cases and other similar cases that have been filed with increasing regularity in this Court, is that the petitioners are represented by counsel in their pending criminal cases, and nothing in their petitions indicates that they have sought, or will be seeking, to discharge counsel in those proceedings.
Id. at 474. We noted that in similar contexts the appellate courts had uniformly held that pro se petitions for relief filed in the appellate courts were stricken where the defendant was represented by counsel in the trial court. Id. at 475 (citing Martin v. Bieluch, 786 So.2d 1229, 1230 (Fla. 4th DCA 2001); Carlisle v. State, 773 So.2d 647, 648 (Fla. 5th DCA 2000)). We thus announced a rule that absent an unequivocal request to discharge counsel, pro se petitions filed in this Court would be dismissed.
Subsequent to Logan, we decided Johnson v. State, 974 So.2d 363 (Fla.2008), in which a criminal defendant filed a pro se petition in this Court seeking relief from an allegedly illegal sentence while he was represented by court-appointed counsel in a pending appeal involving the same conviction and sentence. Id. at 363. In other words, Johnson involved the same type of situation as Logan except the defendant in Johnson filed a pro se petition in this *282 Court while the defendant was represented by counsel in ongoing appellate proceedings. In Johnson, we clarified that the rule in Logan was not limited to cases where the defendant was represented by trial counsel but applied to "any pro se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings." Johnson, 974 So.2d at 364-65.
We reaffirm our holding in Logan and Johnson to dismiss pro se extraordinary writ petitions filed in this Court while a defendant is simultaneously being represented by counsel in ongoing criminal proceedings in either the trial or appellate court. However, our language in those opinions has been interpreted as a blanket rule against ever allowing the trial court to entertain a pro se pleading, unless there is an unequivocal request to discharge counsel. To the extent that our statements in Logan and Johnson have been so broadly interpreted, we clarify that those cases were not intended to enunciate an unbending rule to require the striking of pleadings in the trial court even where the defendant makes specific allegations that would give rise to a clear adversarial relationship with his counsel, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea.[5] We now specifically address the narrow circumstance of a pro se motion to withdraw a plea under rule 3.170(l).

Pro Se Motion to Withdraw Plea Under Rule 3.170(l)
Rule 3.170(l) provides a narrow window within thirty days after sentencing to allow a defendant to file a motion to withdraw a plea. The rule provides:
Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)[[6]] except as provided by law.
*283 The Second District has explained that the grounds for filing a motion to withdraw a plea within thirty days of sentencing and before appeal are narrow and has further recognized that misrepresentations or mistaken advice by counsel concerning the length of the sentence may be a basis to allow a defendant to withdraw a plea:
When such a motion is filed after sentencing, the defendant bears the burden of proving that "a manifest injustice has occurred." Misrepresentations or mistaken advice by counsel concerning the length of the defendant's sentence can constitute such a "manifest injustice" and may be a basis for allowing a defendant to withdraw his or her plea.
Because the defendant bears the burden of proof, when a defendant files a facially sufficient motion to withdraw a plea, the trial court must either afford the defendant an evidentiary hearing or accept the defendant's allegations in the motion as true except to the extent that they are conclusively refuted by the record. If the trial court decides to hold an evidentiary hearing, it must appoint conflict-free counsel to represent the defendant because such a hearing constitutes a "critical stage" of the proceedings.
Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2nd DCA 2004) (citations omitted).
As pointed out by Judge Altenbernd, one of the benefits of the rule is that it provides a defendant with a right to withdraw a plea when the defendant is still represented by counsel. See Mourra, 884 So.2d at 319.[7] Yet, despite this observation in Mourra and the Second District's recognition in Iaconetti that allegations such as "misrepresentations or mistaken advice by counsel concerning the length of the defendant's sentence" may give rise to a conflict of interest with counsel and entitle the defendant to conflict-free counsel, the Second District concluded in Mourra that the pro se motion to withdraw the plea must contain a specific request to discharge counsel or else be stricken as a nullity. The Second District has adhered to this holding in subsequent decisions. See Johnson v. State, 932 So.2d 1169 (Fla. 2d DCA 2006); King v. State, 939 So.2d 1196 (Fla. 2d DCA 2006).
Although the Second District has adhered to its holding in Mourra that a pro se motion to withdraw a plea that does not contain a specific request to discharge counsel should be stricken as a nullity, this holding is inconsistent with the district court's decision in Garcia v. State, 846 So.2d 660 (Fla. 2d DCA 2003), decided the year before Iaconetti and Mourra. In Garcia, the defendant wrote a letter to the trial court asking to withdraw his plea, alleging that counsel misled him into entering the guilty plea. 846 So.2d at 660-61. Although Garcia was represented by counsel at the time he wrote the letter, the trial court treated the letter as a motion to withdraw a plea and questioned Garcia's counsel at an informal hearing as to the circumstances of the plea. Id. at 661. Garcia was not present at this hearing and was not represented by other counsel. Id. The trial court summarily denied the motion after trial counsel explained that he did not know how he could have misled Garcia. Id.
*284 After noting that "Garcia's motion was facially sufficient to warrant a hearing," the Second District recognized that "[b]ecause a motion pursuant to rule 3.170 has been treated as a critical stage of the proceedings in the trial court, Garcia was entitled to be present at the hearing and to have counsel represent him." Id. The Second District did not rule that the trial court should have stricken Garcia's pro se motion as a nullity because he was represented by counsel, but rather ruled that Garcia was entitled to be present at a hearing on the motion where he would be represented by conflict-free counsel:
In this case, the trial court took testimony from Garcia's trial counsel (although it was unsworn) and counsel's position was adverse to Garcia's. Once it became clear that Garcia and his counsel had adversarial positions concerning what actually happened while counsel was advising Garcia concerning his plea, Garcia was entitled to conflict-free counsel. The denial of the constitutional right to assistance of counsel can never be treated as harmless error.
Id. (citations omitted).
In other cases, the Second District has echoed its recognition that conflict-free counsel is required when a defendant makes allegations that give rise to a clear adversarial relationship with counsel. For example, in Grainger, although the Second District concluded that the trial court should have stricken Grainger's pro se motion to withdraw his plea as a nullity, the district court noted that several other errors by the trial court were "disturbing." 906 So.2d at 381. Grainger filed a pro se motion to withdraw his plea in which he claimed that he was not competent at the time he entered his plea because he was not taking his prescribed medication and was "in a severe mental state." Id. Just before the hearing on the motion, when Grainger was not yet present in the courtroom, Grainger's counsel told the trial court that he learned his client wanted to withdraw his plea and noted it was "[b]uyer's remorse." Id. When Grainger was brought into the courtroom, the trial court questioned Grainger's trial counsel about his representation of Grainger during the plea proceeding. Trial counsel's answers refuted the allegations in the motion. Id.
In addition to finding error in the trial court's failure to strike the pro se motion as a nullity, the Second District concluded:
Because counsel did not adopt the motion and proceed to represent Grainger, the next error that occurred was on the part of defense counsel who, inexplicably, not only failed to act in a representative capacity for Grainger, but became an adverse witness against his client at the invitation of the trial judge. [Defense counsel's] "buyer's remorse" comment, which was made prior to Mr. Grainger being brought into the courtroom, was adverse to his client's interests and demonstrates a failure to act in a representative capacity. And [defense counsel's] responses to the questions posed by the judge during the hearing likewise demonstrate a failure of representation and a lack of loyalty to his client.
Id. at 382. Finally, the Second District recognized:
Counsel's failure to act in a representative capacity for Grainger laid the groundwork for the third error which occurred when the trial court proceeded to entertain the motion on its merits without providing conflict-free counsel to Grainger. Consideration of a motion to withdraw plea after sentencing, which is filed pursuant to Florida Rule of Criminal Procedure 3.170(l), is a critical stage in the proceeding, and an indigent criminal defendant has a right to the appointment *285 of conflict-free counsel to assist in the filing of the motion.
Id.
Subsequently, in Golden v. State, 987 So.2d 1279 (Fla. 2d DCA 2008), the Second District reversed the trial court's order denying Golden's motion to withdraw his plea because he was not afforded conflict-free counsel at the hearing on the motion. Id. at 1280. The motion, filed by Golden's counsel, stated that Golden had requested counsel to file the motion to withdraw his plea and counsel felt it necessary to file the motion to protect Golden's rights but was unaware of the grounds for the motion. Id. At a hearing on the motion, Golden testified that his counsel falsely told him before he took the plea that his mother and girlfriend wanted him to take the plea. Id. Golden's counsel immediately responded that she disputed these allegations and that Golden might need conflict counsel to represent him on that issue. Id. The trial court denied the motion on the merits without addressing the issue of conflict-free counsel. Id. Citing Garcia, the Second District concluded: "When it became apparent to the trial court that Golden and his counsel had adversarial positions regarding what happened when counsel advised Golden about the plea offer, the trial court should have appointed conflict-free counsel to represent Golden." Id.
The Fourth District also acknowledges the importance of conflict-free counsel. Yet, in contrast to the Second District, the recognition that the very allegations in the motion give rise to an adversarial relationship has led the Fourth District to conclude that a motion to withdraw a guilty plea containing such allegations filed by the defendant should not automatically be stricken as a nullity. This recognition has nothing to do with condoning hybrid representation; rather, it has everything to do with recognizing the necessity of conflict-free counsela necessity repeatedly recognized by the Second District, but disregarded where a defendant makes allegations that give rise to an adversarial relationship, but merely fails to incant the phrase "I request to discharge my counsel." That is why the Fourth District has carved out a narrow exception that entitles a defendant to file a pro se motion to withdraw a guilty plea under rule 3.170(l), even where the defendant has not made a specific request that counsel be discharged. The exception applies in circumstances where the defendant claims that his counsel misadvised him, made affirmative misrepresentations regarding the terms of the plea, or coerced him into entering the plea. See Peterson, 881 So.2d at 1129; Bermudez, 901 So.2d at 984. As recognized in Bermudez, these types of allegations create an adversarial relationship that precludes the striking of a pro se motion to withdraw a plea. Id.
Similarly, the Fifth District has recognized the general rule that a pro se motion should be stricken as a nullity unless the defendant makes a request to discharge counsel, but has acknowledged that exceptions exist if there are allegations that counsel coerced the defendant into taking a certain action or the allegations reflect an adversarial relationship. See Vasquez v. State, 956 So.2d 493 (Fla. 5th DCA 2007); Whiting v. State, 929 So.2d 673 (Fla. 5th DCA 2006).
We consider the approach taken by the Fourth District to be a more reasonable approach and one that is consistent with the goals of the administration of justice under these specific circumstances. As we stated previously, the general rule of striking pro se pleadings is designed to improve the administration of justice and not frustrate it. However, the rule is not unyielding. For example, as we have also *286 explained, there are actually instances where a defendant is permitted to address the trial court, even when represented by counsel. See Mora, 814 So.2d at 328-29.
When a defendant is actually moving to withdraw a plea in the trial court based on allegations such as that counsel misadvised him, made affirmative misrepresentations, or coerced him into accepting a plea, the defendant has made claims that give rise to an adversarial relationship. The Second District recognizes that an adversarial relationship arises in these circumstances, but would place the onus on defense counsel to move to withdraw or on the defendant to actually include a specific request to discharge counsel. However, we conclude that the administration of justice is frustrated rather than served by striking the defendant's pro se motion if defense counsel does not in fact recognize the conflict and move to withdraw.
It is not consistent with the goals of the sound administration of justice for the trial court to effectively ignore the defendant's motion to withdraw his plea based on allegations giving rise to an adversarial relationship, such as misadvice, misrepresentations, or coercion by counsel, when that motion is timely made within thirty days after sentence is imposed. If a trial court follows the steps outlined by the Second District in Grainger and repeated in Sheppard, it necessarily results in the striking of a motion that could have otherwise been properly considered by the trial court, with conflict-free counsel appointed to advocate for withdrawal of the plea. The administration of justice is further frustrated by the consequence that these allegations, once stricken because a defendant is represented by counsel, may reappear on postconviction in allegations of ineffective assistance of counsel requiring both the State and defense counsel to respond to those allegations later rather than sooner.[8]
To require the defendant to affirmatively seek the discharge of his counsel rather than requiring counsel to affirmatively seek to withdraw places a greater duty on the defendant than his lawyer to bring to the trial court's attention a clear adversarial relationship. Unlike a general allegation of a conflict of interest with the lawyer, allegations that the lawyer misadvised the defendant, misrepresented the terms of the plea, or coerced the defendant into accepting the plea create an adversarial relationship where the lawyer cannot both represent his client and refute the allegations. In narrow circumstances such as these, the defendant has in effect requested discharge of counsel and the pleading should not be stricken as a nullity.
In light of these conclusions, we outline the procedure trial courts should *287 follow when a represented defendant files a pro se rule 3.170(l) motion based on allegations giving rise to an adversarial relationship such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea. In these narrow circumstances, the trial court should not strike the pleading as a nullity even though the defendant did not also specifically include the phrase, "I request to discharge my counsel." Rather, the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record,[9] the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant. See Rouse v. State, 990 So.2d 1197 (Fla. 5th DCA 2008) (holding that trial court erred in failing to appoint conflict-free counsel and summarily denying motion after defendant alleged, in part, that counsel pressured him into entering the plea); Scippio v. State, 855 So.2d 202, 203 (Fla. 1st DCA 2003) ("[I]t is clear from the record that Appellant had a conflict with his counsel insofar as his motion to withdraw plea was concerned; thus, the trial court erred in failing to appoint conflict-free counsel to represent Appellant."); Hampton v. State, 848 So.2d 405 (Fla. 2d DCA 2003) (remanding for an evidentiary hearing with conflict-free counsel on defendant's motion to withdraw plea where defendant alleged counsel had lied to him and deceived him into entering the plea).

CONCLUSION
Based on our analysis, we quash the Second District's decision in Sheppard, in which it concluded that the defendant's pro se motion should have been stricken as a nullity, approve the decisions of the Fourth District in Peterson and Bermudez, and remand this case to the Second District with directions to remand to the trial court to consider the motion to withdraw based on the procedures outlined in this opinion.
It is so ordered.
QUINCE, C.J., and LEWIS, CANADY, and LABARGA, JJ., concur.
POLSTON, J., dissents with an opinion.
PERRY, J., did not participate.
POLSTON, J., dissenting.
I disagree with the majority's decision to quash the Second District's decision in Sheppard v. State, 988 So.2d 74 (Fla. 2d DCA 2008), and to recede from the brightline rule against hybrid representation that this Court set forth in Johnson v. State, 974 So.2d 363 (Fla.2008). Because the Second District properly applied Logan v. State, 846 So.2d 472 (Fla.2003) and Johnson, and I am not persuaded that we should recede from this precedent, I respectfully dissent. I see no justification for appellate courts to enjoy the benefit of this bright-line distinction while removing it from the trial courts. Moreover, the majority's exceptions provide yet another needless layer of postjudgment review to a system already overburdened by pro se postconviction motions.
In Logan, 846 So.2d at 473, this Court dismissed two pro se petitions filed by two different defendants "on the grounds that petitioners have no right to simultaneously *288 represent themselves and be represented by counsel relative to the pending charges against them." The two petitions had challenged the trial courts' denials of pro se motions in pending criminal cases where the defendants were represented by counsel. Logan, 846 So.2d at 473.
In dismissing the petitions in Logan, this Court promulgated the bright-line rule that any pro se motion filed by a defendant while the defendant is represented by counsel will be treated as a nullity by this Court, unless the pro se motion includes an unequivocal request to discharge counsel. We explained that "[o]nly when a pro se criminal defendant is affirmatively seeking to discharge his or her court-appointed attorney have the courts of this state not viewed the pro se pleading in which the request to discharge is made as unauthorized and a `nullity.'" Id. at 476 (also stating that, as explained by the Fourth District in Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994), this limited exception is necessary to effectuate the holding of Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), followed by Hardwick v. State, 521 So.2d 1071 (Fla.1988)). Furthermore, we explicitly stated that "the exception to the `nullity' rule cannot be triggered merely by a statement in a pleading that the defendant is generally dissatisfied with counsel or counsel's performance. It must instead depend upon a clear statement from the defendant that he or she wishes to discharge court-appointed counsel due to counsel's perceived ineffectiveness." Id. at 478 (emphasis supplied); see also id. at 477 ("[T]he requirements of Nelson depend upon a clear and unequivocal statement from the criminal defendant that he wishes to discharge counsel.").
Five years later, this Court decided Johnson v. State, 974 So.2d 363, 364-65 (Fla.2008), which held that the bright-line rule against hybrid representation from Logan applies to:

any pro se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings. The Court's current procedure for automatic dismissals pursuant to Logan, as stated in section II(c)(7)(b), Supreme Court Manual of Internal Operating Procedures, will be followed for all such filings. Any papers filed pro se, addressing matters that are related to such ongoing proceedings, whether in the form of a petition, notice, motion, or another form of request for relief, will be deemed unauthorized and subsequently dismissed.
(Some emphasis added.) Accordingly, under Logan and Johnson, any pro se filing that does not include an unequivocal statement to discharge counsel should be treated as a nullity and automatically dismissed when the defendant is represented by counsel in the same criminal proceeding.
This bright-line rule was prompted by "the necessity for curtailing, as a matter of policy, the pro se activity of defendants" when such defendants are also represented by counsel "and nothing in their petitions indicates that they have sought, or will be seeking, to discharge counsel." Logan, 846 So.2d at 474. It was intended to increase judicial efficiency by reducing the number of occasions that courts are required to expend time on competing filings regarding the same criminal case, one filed by a pro se defendant and one filed by the attorney appointed to represent that defendant. In fact, in Logan, this Court noted an increase in the number of defendants filing pro se petitions for extraordinary relief in this Court while their cases *289 were still pending in the trial court and while the defendants were represented by counsel. Id. at 474.
In Sheppard, the Second District properly applied the bright-line rule that this Court promulgated in Logan for the benefit of itself and expanded in Johnson for the benefit of every Florida court. After determining that Sheppard was represented by counsel in the criminal proceeding and that he did not unequivocally request discharge of that counsel, the Second District held that the trial court should have stricken Sheppard's pro se motion to withdraw his plea instead of conducting an evidentiary hearing. Sheppard, 988 So.2d at 75. Specifically, the Second District stated:
When Mr. Sheppard filed his pro se motion to withdraw his plea, he was represented by court-appointed counsel. Thus the motion should have been stricken because "[a] rule 3.170(l) motion to withdraw plea filed by a criminal defendant who is represented by counsel is a nullity, unless the defendant makes an unequivocal request to discharge counsel." King v. State, 939 So.2d 1196, 1196 (Fla. 2d DCA 2006) (citing Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006), Grainger v. State, 906 So.2d 380, 382 (Fla. 2d DCA 2005), and Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004)). Alternatively, court-appointed counsel could have adopted the pro se motion and then proceeded to represent Mr. Sheppard at the motion hearing. Grainger, 906 So.2d at 382. The record in this case does not indicate that Mr. Sheppard made a request to discharge counsel, nor does it reflect that defense counsel adopted the pro se motion.
Id. at 76. This analysis is entirely consistent with our holdings in Logan and Johnson. Consequently, unless there is a valid reason to recede from Johnson, this Court should approve the Second District's decision.
"This Court adheres to the doctrine of stare decisis," State v. J.P., 907 So.2d 1101, 1108 (Fla.2004), because the doctrine is important in "provid[ing] stability to the law and to the society governed by that law." State v. Gray, 654 So.2d 552, 554 (Fla.1995). And before receding from precedent, this Court asks several questions, including the following:
(1) Has the prior decision proved unworkable due to reliance on an impractical legal "fiction"? (2) Can the rule of law announced in the decision be reversed without serious injustice to those who have relied on it and without serious disruption in the stability of the law? And (3) have the factual premises underlying the decision changed so drastically as to leave the decision's central holding utterly without legal justification?
Strand v. Escambia County, 992 So.2d 150, 159 (Fla.2008).
Here, the answers to all three of these questions indicate that we should continue to follow the bright-line rule we set forth in Logan and Johnson. First, the test has not proven unworkable due to a legal fiction. The test is very clear and results in predictable rulings by both trial and appellate courts. Second, creating exceptions to the bright-line rule will disrupt the stability of the law by undermining the general prohibition against hybrid representation. See generally State v. Tait, 387 So.2d 338, 339 (Fla. 1980) (explaining that the federal and state constitutions do not provide "that the accused can make his own defense personally and have the assistance of counsel"); Salser v. State, 582 So.2d 12, 14 (Fla. 5th DCA 1991) ("[T]he defendant may have the right under certain circumstances to waive counsel and represent himself but the defendant has no right to *290 be represented for the purposes that suit him and unrepresented for other purposes."); see also United States v. Mosely, 810 F.2d 93, 97 (6th Cir.1987) ("The right to defend pro se and the right to counsel have been aptly described as `two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." (quoting United States v. Conder, 423 F.2d 904, 908 (6th Cir.1970))). Third, the factual premises underlying our decisions in Logan and Johnson have not changed in a way that leaves the decisions' bright-line rule against hybrid representation without justification. To the contrary, multiple filings by pro se defendants and their attorneys place an impossible burden on courts, "especially where the motions filed or positions taken by client and counsel are inconsistent." Salser, 582 So.2d at 14-15 & n. 5 (explaining that in United States v. Durden, 673 F.Supp. 308 (N.D.Ind.1987), the trial court aptly stated, "I can't let the two of you work in different directions or at least different routes at the same time"). Judicial efficiency is significantly increased when there is a single voice advocating for the defendant in a criminal proceeding. Therefore, the doctrine of stare decisis dictates that we continue to adhere to our precedent.
The basic problem in this case is that Sheppard's attorney did not withdraw from representation and the trial court did not recognize the need for the attorney to do so. See, e.g., R. Regulating Fla. Bar 4-3.7 cmt. (explaining that "if there is likely to be substantial conflict between the testimony of the client and that of the lawyer, the representation involves a conflict of interest that requires compliance with rule 4-1.7," which generally prohibits a lawyer from representing a client with adverse interests). However, these errors do not mean that the purpose of the bright-line rule against hybrid representation is without justification.
Moreover, Sheppard is not without means to seek relief. He could file a rule 3.850 claim, which does not necessitate altering the rule we established in Johnson. See, e.g., Brown v. State, 894 So.2d 137, 157 (Fla.2004) (explaining that a defendant proves a postconviction claim of ineffective assistance of counsel by establishing the existence of a conflict of interest which adversely affected the attorney's representation); Brazeail v. State, 821 So.2d 364, 368-69 (Fla. 1st DCA 2002) (explaining that a defendant challenging a guilty plea in a 3.850 motion alleging ineffective assistance of counsel demonstrates prejudice by establishing that there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty); Cox v. State, 974 So.2d 474, 476 (Fla. 2d DCA 2008) (concluding that 3.850 claim that counsel was ineffective in failing to file a timely motion to withdraw plea was facially sufficient).
Instead of recognizing the existence of postconviction relief, the majority has chosen to recede from Johnson without conducting a stare decisis analysis and without acknowledging that it is receding from our precedent. And by adopting the Fourth District's rule, the majority's decision will actually increase the strain on our criminal justice system, which is the opposite effect of what we intended in Logan and Johnson. The Second District notes that "[a] substantial percentageif not a majorityof the defendants filing pro se motions under rule 3.170(l) either complain that they were misadvised concerning the consequences of their pleas or express some other dissatisfaction with the way their lawyers handled their cases." Sheppard, 988 So.2d at 78-79. And, as Judge Warner explains:
At the Fourth District, we are seeing more and more cases where the defendant *291 files a motion to withdraw a plea after sentencing occurs, vaguely indicating coercion by counsel or misrepresentation as to the sentence, even though these matters were fully reviewed at sentencing. Because of this conflict with counsel, new counsel must be appointed, increasing the cost of the proceedings. However, these motions are routinely denied after an evidentiary hearing, because there was no coercion or misrepresentation and the plea colloquy fully explored these issues. We have even received pro se motions claiming ineffective assistance of counsel, because the defendant has learned in prison that he had the "right" to move to withdraw his plea within thirty days of sentencing, and his lawyer did not inform him of this "right." As far as I can tell, many defendants are abusing the use of rule 3.170(l).
Williams v. State, 959 So.2d 830, 832 (Fla. 4th DCA 2007) (Warner, J., concurring specially). Judge Warner's observations demonstrate the continued need for applying Logan and Johnson.
In conclusion, this Court promulgated a bright-line rule against hybrid representation in Logan and Johnson in order to increase judicial efficiency and reduce the strain on our criminal justice system. Our stare decisis jurisprudence indicates that we should continue to adhere to that rule. Accordingly, I would approve the Second District's decision in Sheppard because it properly applies our precedent.
NOTES
[1] The Rules of Professional Conduct prohibit a lawyer from testifying as an adverse witness against his or her client, with limited exceptions. See R. Regulating Fla. Bar 4-3.7.
[2] As to the sex offender probation, the Second District explained:

In September 2002, Mr. Sheppard had entered into an unusual plea agreement when he pleaded guilty to the two counts of uttering a forged instrument. This plea agreement incorporated a probation violation from an unrelated 2000 conviction for attempted sexual battery. Our record concerning the September 2002 plea agreement is incomplete, but it is clear that the agreement placed Mr. Sheppard in the unusual position of serving sex offender probation for the two uttering convictions.
Sheppard, 988 So.2d at 75 n. 1.
[3] Article I, section 16, states in relevant part:

(a) In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.
[4] In Davis, we announced the bright-line rule "that we will not accept pro se filings in which there are claims of ineffective assistance of appellate counsel, requests to dismiss appellate counsel, or which supplement bases for relief from appellants on direct appeal of a death sentence." Id. The policy against even allowing a motion to discharge counsel is unique in our jurisprudence because "a convicted defendant does not have a federal constitutional right of self-representation on an initial appeal of right," id. at 980 (citing Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000)), and "in Florida there is no state constitutional right to proceed pro se in direct appeals in capital cases." Davis, 789 So.2d at 981.
[5] The dissent contends that "the majority has chosen to recede from Johnson without conducting a stare decisis analysis and without acknowledging that it is receding from our precedent." However, we are not receding from Johnson and it is not necessary to do so.

Despite broad language in Johnson, in that case the Court never resolved the narrow issue that we resolve in this casewhether the fact that there is no constitutional right to hybrid representation requires the striking of pleadings in the trial court even where the defendant makes specific allegations that would give rise to a clear adversarial relationship with counsel. In Johnson, we clarified "that the rule announced in Logan ... applies to pro se filings in this Court by litigants represented by counsel in criminal proceedings pending in a district court of appeal." Johnson, 974 So.2d at 363-64 (emphasis added). Therefore, our holding in this case is not inconsistent with the reasoning of Johnson. Because the conflict issue in this case, addressed differently by both the Second District and the Fourth District, is not answered by our opinion in Johnson, the cases that the dissent cites regarding when we recede from precedent are not applicable to this case.
[6] Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) states:

(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.
[7] Judge Altenbernd's opinion explains in detail the history of the rule, its benefits, and its drawbacks in comparison with allowing the filing of a postconviction motion to withdraw a plea. Id. at 319-20. Although we recognize that the rule itself has been subject to criticism, see Williams v. State, 959 So.2d 830, 831-33 (Fla. 4th DCA 2007) (Warner, J., concurring specially), the wisdom of the rule itself is not before us.
[8] The dissent posits that this matter can be dealt with in postconviction, acknowledging that the fault in part lies with the defense counsel who should have moved to withdraw when an obvious conflict of interest arose. As we have learned from many cases in the past, deferring issues to the postconviction process that can be effectively dealt with at an earlier point in time is neither efficient nor preferable. See, e.g., Maddox v. State, 760 So.2d 89, 98-99 (Fla.2000) ("Even assuming the availability of postconviction relief for sentencing errors not preserved on direct appeal, if a goal of the reform is efficiency, we are hard-pressed to conclude that shifting to defendants the burden of filing postconviction motions, and to trial courts the burden of processing these additional motions, advances the overall goal of judicial efficiency. Another potential problem with requiring defendants to correct unpreserved sentencing errors through postconviction motions is that defendants in noncapital cases will not necessarily be afforded counsel during collateral proceedings."). If this matter is dealt with at the time the motion to withdraw the plea is filed, then postconviction proceedings as to the voluntariness of the plea are unnecessary and foreclosed.
[9] See Snodgrass v. State, 837 So.2d 507, 509 (Fla. 4th DCA 2003) ("Although rule 3.170(l) does not expressly require a trial court to hold an evidentiary hearing, . . . due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief." (quoting Simeton v. State, 734 So.2d 446, 447 (Fla. 4th DCA 1999))).