18 So.3d 1190 (2009)
Kenneth NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-6159.
District Court of Appeal of Florida, First District.
September 30, 2009.
*1191 Nancy Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Giselle Denise Lylen, Assistant Attorney General, and Brooke Poland, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Kenneth Nelson, Appellant, seeks review of the summary denial of his timely pro se motion to withdraw his plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(l). Appellant argues that the trial court erred in failing to appoint conflict-free counsel to assist him in arguing his motion. As the Florida Supreme Court's recent opinion in Sheppard v. State, 17 So.3d 275 (Fla.2009), reveals, the trial court's options were to either strike the motion as a nullity or to appoint conflict-free counsel. Because the trial court did not exercise either of these options, it erred. Accordingly, we reverse and remand for further proceedings.
In Sheppard, 17 So.3d at 277, the Florida Supreme Court recognized a "limited exception to the rule of striking pro se pleadings as nullities." Id. at 277. Under Sheppard, when a represented defendant files a timely pro se Rule 3.170(l) motion, the trial court should first determine whether the motion is "based on allegations giving rise to an adversarial relationship, such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea." Id. at 287. If the motion is based on such allegations and the allegations are not conclusively refuted by the record, the trial court is required to hold a limited hearing with the defendant, defense counsel, and the State to determine whether "it appears . . . that an adversarial relationship between counsel and the defendant has arisen." Id. After the hearing, the trial court must appoint conflict-free counsel if it finds that an adversarial relationship exists between the defendant and defense counsel and the motion's allegations are not conclusively refuted by the record. Id. Because this rule is only an exception to the general policy of striking pro se motions filed by represented parties, when a trial court determines that it is not required to appoint conflict-free counsel under Sheppard, its only option is to strike the motion as a nullity. See id. at 277.
Because Sheppard was decided during the pendency of this appeal, the trial court has not yet considered the standards adopted in that opinion. Accordingly, we reverse and remand to the trial court to consider the motion to withdraw based on the procedures outlined in Sheppard.
REVERSED and REMANDED with instructions.
HAWKES, C.J. and LEWIS, J., concur; THOMAS J., concurs with opinion.
THOMAS, J., concurring.
I write to urge the Florida Supreme Court to consider the negative impact of Florida Rule of Criminal Procedure 3.170(l). The Court's opinion in Sheppard v. State, 17 So.3d 275, 287 (Fla.2009), states that "the wisdom of the rule is not before us." Id. at 283 n. 7. I question the wisdom of rule 3.170(l). This rule imposes high costs and heavy burdens on the administration *1192 of justice by creating an entitlement to a second lawyer at public expense, where mandated by the rule and Sheppard.
I note Judge Warner's thoughtful special concurrence in Williams v. State, and I fully agree that
a motion to withdraw the plea after sentencing is not a critical stage of the proceedings, as the defendant has already pled and been sentenced. Therefore, the "proceedings" are in fact at an end with sentencing. Rule 3.170(l) is a collateral, judicially-created proceeding which is not essential to due process. . . . It has proved costly with little, if any, benefit.
959 So.2d 830, 832-33 (Fla. 4th DCA 2007) (Warner, J., specially concurring).
I respectfully suggest that the better view is that motions to withdraw pleas after sentencing are postconviction proceedings. Thus, a movant in such a case would not be entitled to the appointment of counsel as a matter of right. See Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Graham v. State, 372 So.2d 1363 (Fla.1979); Deen v. Wilson, 1 So.3d 1179 (Fla. 5th DCA 2009). Rather, trial courts could require defendants seeking to withdraw their plea after sentencing to file a motion to discharge their counsel and, if granted, allow a defendant to move pro se to withdraw the plea, either within a 30-day window or pursuant to Florida Rule of Criminal Procedure 3.850.
While it is true that it is far better to have legal representation whenever possible, I think such a decision is properly left to the Legislature where not mandated by organic law. See, e.g., Deen v. Wilson, 1 So.3d 1179, 1181-83 (Fla. 5th DCA 2009) (containing a general discussion of various legislative enactments providing for capital postconviction counsel and conflict counsel at trial). It is for the Legislature to provide additional publicly-funded counsel in cases where the organic law does not require such appointments. To date, the United States Supreme Court has not established such a requirement.
I concur in the majority opinion, however, as I am bound by precedent.