PER CURIAM.
 

 Keith Robert Toler seeks reversal of his conviction for sale of cocaine. We affirm.
 

 With the assistance of counsel, Toler pled no contest to the offense of sale of cocaine. Thereafter, Toler, while represented by counsel, announced at the beginning of the sentencing hearing that he wanted to withdraw his plea and that he had several written grounds therefor. Upon reading this pro se request, the trial court declared it to be a nullity given Toler’s representation by counsel. The trial court added that there was no request to remove appointed counsel nor was there any claim of ineffective assistance of counsel. The trial court further added that not only was the motion a nullity but that its contents were conclusively refuted by the record. Thereafter, appellant was adjudicated guilty and sentenced to 36 months in prison.
 

 On appeal, Toler argues the trial court erred in not holding a hearing upon receipt of the motion to withdraw a plea. Toler argues that such a hearing is mandated by
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009). This argument is without merit.
 

 The Florida Supreme Court announced in
 
 Sheppard
 
 that the trial court should grant a hearing on a pro se motion filed pursuant to rule 3.170(£) when the motion
 
 *109
 
 gives rise to the suggestion that an adversarial relationship exists between counsel and the defendant, unless the allegations of the motion are conclusively refuted by the record. Rule 3.170(1), Florida Rules of Criminal Procedure, authorizes a motion to withdraw a plea after sentencing under certain circumstances. There is no provision for a motion to withdraw before sentencing under rule 3.170(1). Because the rule announced in
 
 Sheppard
 
 applies only to motions timely filed pursuant to this rule, the trial court did not violate the requirements of
 
 Sheppard
 
 by not conducting a hearing. Further,
 
 Sheppard
 
 holds that a hearing was not required since the trial court here found the allegations of the motions to be conclusively refuted by the record.
 

 The judgment of conviction and sentence are AFFIRMED.
 

 HAWKES, C.J., VAN NORTWICK and THOMAS, JJ., concur.