SHEPHERD, J.
 

 Donald Wade Bruce appeals trial court orders denying his Florida Rule of Criminal Procedure 3.170(£) motions to withdraw two simultaneously entered pleas to the court on the ground they were involuntarily made. We reverse and remand for the court to reconsider Bruce’s motions based upon the procedures outlined in
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009).
 

 The pleas Bruce seeks to withdraw are two open nolo contendere pleas made to the court on October 1, 2007: the first, in case number 07-12, for grand theft in violation of section 812.014, Florida Statutes (2007), for accepting a $10,000 deposit for work he promised to perform installing custom boat lifts, and then failing to perform the work; and the second, in case number 07-84, for grand theft in violation of the same statute by accepting $7500 from a different victim for the same type of work. On October 4, 2007, the trial court sentenced Bruce to thirty months in state prison and twenty months of probation in case number 07-12, and five years of probation in case number 07-84 to run consecutive to the first case. The court also required restitution.
 

 A week later, Bruce filed identical motions in each case seeking to withdraw his pleas. The trial court denied both motions on the ground that each was a nullity, telling Bruce, “[W]hen you have an attorney, you can’t file motions on your own.” The Court also denied Bruce’s counsel’s “Amended Motion For The Court to Appoint [Bruce] Conflict-Free Counsel.”
 

 While Bruce’s case was pending on appeal, our supreme court decided
 
 Sheppard,
 
 recognizing a limited exception to the rule of striking pro se pleadings as nullities “where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170((), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea.”
 
 Id.
 
 at 277. In such a case, the supreme court directed that the trial court is required “to conduct a limited inquiry to determine whether an adver
 
 *871
 
 sarial relationship exists such that defense counsel can no longer continue to represent his or her client at a hearing in which counsel will likely be an adverse witness.”
 
 Id.
 
 (footnote omitted). Of course, the trial court did not have the benefit of
 
 Sheppard
 
 at the time it considered Bruce’s pro se motions to withdraw plea.
 

 Because
 
 Sheppard
 
 addresses the situation presented by Bruce’s pro se motions, we reverse and remand with directions to reconsider the motions to withdraw plea based on the procedure outlined in
 
 Sheppard.
 

 Reversed and remanded for further proceedings.