PER CURIAM.
 

 The Court withdraws the opinion issued April 13, 2011, and substitutes the following corrected opinion:
 

 William Lovett appeals from an order summarily denying his motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(l). We reverse.
 

 In exchange for his guilty plea in case F08-29237 and his admission of probation violation in case F94-17832, the trial court sentenced Lovett to twenty years in state prison as a habitual violent felony offender, with a fifteen-year minimum-mandatory sentence as a prison releasee reoffender, followed by five years reporting probation as a habitual violent offender. Lovett received all credit for time served on his probation violation case, and the court waived the thirty-year minimum-mandatory sentence as a violent career criminal. The sentence was not coterminous.
 

 Before the trial court entered the written sentence, Lovett, pro se, moved to withdraw his plea, alleging that his counsel had advised him that the sentence would be coterminous. Lovett claimed that had he known that the sentence would not be coterminous, he would not have accepted the plea offer. Lovett also filed a motion to appoint conflict-free counsel. The trial court denied Lovett’s motions, and this appeal followed.
 

 On appeal, Lovett asserts that the trial court erred in summarily denying his motion to appoint conflict-free counsel and in failing to conduct an evidentiary hearing on his motion to withdraw his plea. The State contends that the trial court properly denied the motions because the plea colloquy shows that Lovett intelligently and voluntarily entered his plea. We agree with Lovett.
 

 In
 
 Sheppard v. State,
 
 17 So.3d 275, 287 (Fla.2009), the Florida Supreme Court outlined the procedure trial courts should follow when an indigent defendant files a pro se rule 3.170(l) motion alleging an adver
 
 *746
 
 sarial relationship with his or her counsel. The Court stated,
 

 [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are represented. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel withdraw or discharge and appoint counsel-free counsel to represent the defendant.
 

 17 So.3d at 287.
 

 Here, Lovett alleged that his counsel misinformed him about the terms of the sentence offered in exchange for his plea. Thus, Lovett’s motion sufficiently alleged a conflict between Lovett and his counsel. Further, although the trial court told Lo-vett the term of years of the proposed sentence, the transcript of the plea colloquy is silent regarding whether the sentence would be coterminous. The record, therefore, does not refute Lovett’s allegations of counsel’s misadvice. Accordingly, under
 
 Sheppard,
 
 the trial court should have held a limited evidentiary hearing to determine if an adversarial relationship existed. Thereafter, if the trial court finds that an adversarial relationship exists, the trial court should appoint conflict-free counsel for the defendant to pursue his motion to withdraw the plea.
 

 Accordingly, we reverse the orders denying Lovett’s motion to withdraw plea and motion to appoint conflict-free counsel, and remand for further proceedings in accordance with this opinion.
 

 Reversed and remanded for further proceedings.