PER CURIAM.
The appellant challenges the denial of his motion to withdraw his plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(1), arguing that the trial court should have appointed conflict-free counsel to represent him. The motion alleged that counsel had led him to believe that he would receive a shorter sentence than that imposed by the court. The state has conceded that the trial court should have appointed conflict-free counsel to represent the appellant on this motion.
Additionally, the appellant alleges that the judgment contains a scrivener’s error because it states that he was convicted of grand theft with a firearm while he was actually convicted of grand theft. We direct the trial court to address this matter and if the appellant is accurate, to revise the judgment to correct the scrivener’s error.
We therefore reverse and remand for the trial court to appoint conflict-free counsel to represent the appellant on his rule 3.170(1) motion. See Sheppard v. State, 17 So.3d 275, 286-87 (Fla.2009) (outlining the procedure to be followed when a represented defendant files a rule 3.170(1) motion which indicates that an adversarial relationship exists between the defendant and his counsel). We also direct the court to address the appellant’s claim that the judgment contains a scrivener’s error.
REVERSED AND REMANDED.
*1154 VAN NORTWICK and THOMAS, JJ., and NORTON, VIRGINIA B., ASSOCIATE JUDGE, concur.