# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1141
Lower Tribunal No. 14-7166A
_____

**Gregory Ayala,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Gregory Ayala, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before WELLS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Gregory Ayala ("Ayala"), Appellant and Petitioner, appeals the trial court's order that summarily denied Ayala's pro se motion styled, "Motion To Be Brought To Trial To Adjudicate Pending Case/Warrant/Charge Still Outstanding Within This Court's Jurisdiction" (the "Motion").

After Ayala filed both his notice of appeal of the trial court's order and his initial appellate brief (both pro se), Ayala also filed with this Court a pro se petition for writ of mandamus. While not entirely clear from Ayala's petition, it appears that Ayala seeks to have this Court dismiss the April 2014 criminal information filed against Ayala. The information charges Ayala with burglary of an occupied dwelling and possession of burglary tools.

We ordered the State to respond to both Ayala's initial brief and his petition for writ of mandamus. The State filed a response in the form of a motion to dismiss both Ayala's appeal and his petition for writ of mandamus; and filed a contemporaneous motion, which we grant, to supplement the record on appeal to include a document omitted from the record transmitted to this Court, to wit: a June 2014 Notice of Appearance, Written Plea of Not Guilty, and Request for Discovery, filed in the lower court by Ayala's counsel.

The State's motion to dismiss argues, pursuant to Logan v. State, that because Ayala was represented by counsel, the Motion was a nullity and the trial court was required to deny it. Logan v. State, 846 So. 2d 472, 479 (Fla. 2003). The

State's motion to dismiss also maintains that, because Ayala is still represented by counsel in the lower court case, Ayala's appeal and petition for writ of mandamus to this Court are nullities and, therefore, should be dismissed.

The State's motion to dismiss is well taken. Both Ayala's appeal and his petition for writ of mandamus are dismissed based on the authority of <u>Logan v. State</u>.[1]

Appeal dismissed; petition for writ of mandamus dismissed.

---

[1] Ayala filed a pro se response to the State's motion to dismiss, asserting that the Florida Supreme Court abrogated <u>Logan v. State</u> in the case of <u>Sheppard v. State</u>, 17 So. 3d 275 (Fla. 2009). On the contrary, <u>Sheppard v. State</u> merely limited the interpretation of <u>Logan v. State</u> to allow a represented defendant to file a pro se motion to withdraw a plea (when counsel's misadvice, misrepresentation or coercion led to that plea). <u>Sheppard</u>, 17 So. 3d at 287. The narrow circumstances of <u>Sheppard</u> do not apply to the instant case.