DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICKY LEE GRAVES, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-1040, 4D19-1042, 4D19-1045,
4D19-1047 and 4D19-1048

[March 18, 2020]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Judge; L.T. Case Nos. 2017-CF-000630, 43-2017-CF-000626, 43-2017-CF-000628, 43-2017-CF-000495, and 43-2017-CF-000624.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

ON CONCESSION OF ERROR

PER CURIAM.

After sentencing and while represented by counsel, the defendant filed a timely *pro se* "Motion to Withdraw Open Court Plea" and "Motion for Appointment of Counsel During Motion to Withdraw Open Court Plea." He claimed, *inter alia*, that his attorney generally misadvised him, including a failure to advise him of the dangers and consequences of entering an open plea. At a hearing, the court allowed defense counsel to withdraw and appointed the public defender for purposes of the defendant's appeal. The court struck the defendant's motion to withdraw his plea on the grounds that he was represented by counsel. Because this was error, the state's concession of error is well taken.

When a defendant files a *pro se* motion to withdraw plea alleging that his attorney misadvised him, misrepresented the terms of the plea, or

coerced him into entering a plea, an adversarial relationship exists and the trial court should not strike the pleading as a nullity. "Rather, the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant." *Sheppard v. State*, 17 So. 3d 275, 286-87 (Fla. 2009). Based on *Sheppard*, we reverse and remand for the trial court to consider the defendant's motion to withdraw his plea with the assistance of conflict-free counsel.

*Reversed and remanded.*

LEVINE, C.J., WARNER and GROSS, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**