FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D22-1922

_____

ANTHONY J. DAVIS,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.

September 14, 2022

PER CURIAM.

Petitioner, an indigent defendant who is represented by counsel below, filed a petition for writ of prohibition with this Court. He requests three forms of relief: (1) a stay of the criminal prosecution below; (2) an order directing the lower court to preserve certain information as potentially exculpatory evidence; and, (3) an order compelling the lower tribunal to conduct a *Nelson* hearing. *See generally Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

Petitioner argues that the general rule against hybrid representation does not apply in this case because he seeks a ruling on a pending motion to discharge court-appointed counsel. *See generally Sheppard v. State*, 17 So. 3d 275, 279 (Fla. 2009)

(describing "hybrid representation" as "simultaneously proceed[ing] pro se and with legal representation."); *see also McCray v. State*, 71 So. 3d 848, 865 (Fla. 2011) (describing "hybrid representation" as "combin[ing] self-representation with representation by counsel"). We agree as to that specific form of relief. *See Logan*, 846 So. 2d at 476 ("Only when a pro se criminal defendant is affirmatively seeking to discharge his or her court-appointed attorney have the courts of this state not viewed the pro se pleading in which the request to discharge is made as unauthorized and a 'nullity.'").

Even though the petition filed with this Court is not the actual "pro se pleading in which the request to discharge [counsel] is made," we interpret the "affirmatively seeking to discharge" language in *Logan* as authorizing a *pro se* petition for writ of mandamus when a defendant seeks to compel a ruling on a pending motion to discharge counsel. With such a petition, an indigent defendant can enforce his Constitutional right to effective representation by court-appointed counsel. *See Taylor v. State*, 87 So.3d 749, 758 (Fla. 2012) (citations omitted):

> The Sixth Amendment of the United States Constitution guarantees the right to effective assistance of counsel at all critical stages of a criminal prosecution. In cases where a defendant is indigent, that defendant is entitled to court-appointed counsel....
>
> The right of a criminal defendant to effective assistance of counsel includes the right to competent counsel.

*Cf. Parkway Bank v. Fort Myers Armature Works, Inc.,* 658 So. 2d 646, 649 n.4 (Fla. 2d DCA 1995) ("[T]he denial of a clear constitutional right to trial by jury can be remedied by the issuance of an extraordinary writ.").

Therefore, we redesignate the *pro se* petition for writ of prohibition as a petition for writ of mandamus. *See* Fla. R. App. P. 9.040(c). However, we deny all other requested relief. *See Butts v. State*, 47 Fla. L. Weekly D1363 (Fla. 1st DCA June 22, 2022).

KELSEY, JAY, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Anthony J. Davis, pro se, Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.