PLEUS, R., Senior Judge.
 

 This action involves four petitions for writ of certiorari which have been consolidated as raising the same issue. That issue concerns whether the Fifth District’s Office of Criminal Conflict and Civil Regional Counsel (Regional Counsel) is subject to appointment for indigent defendants in post-conviction proceedings. We answer the question in the negative and
 
 *1181
 
 accordingly, grant the writ and quash the orders appointing Regional Counsel and denying Regional Counsel’s motions to withdraw in each case.
 

 Petitioner, Regional Counsel Jeffrey Deen, seeks a writ of certiorari or alternatively, a writ of prohibition. In each of the underlying Brevard County cases, Regional Counsel filed a motion to withdraw from representing a defendant in a Rule 3.850 post-conviction proceeding. Regional Counsel argues that the circuit court orders appointing Regional Counsel and the orders denying his motions to withdraw constitute a departure from the essential requirements of law.
 

 In 2007, the Legislature created the Offices of Criminal Conflict and Civil Regional Counsel. The Legislature expressed its intent to provide adequate representation to persons entitled to court-appointed counsel, and to provide adequate representation in a fiscally sound manner while safeguarding constitutional principles. An Office of Criminal Conflict and Civil Regional Counsel was created within the geographic boundaries of each of the five district courts of appeal. See § 27.511(1), Fla. Stat. (2008). The purposes of the 2007 enabling statute were (1) to help effectuate Revision 7 to Article V of the Florida Constitution, which shifted the majority of the burden of funding the state court system from the counties to the state and (2) to respond to the problem of conflict representation in indigent defense cases.
 
 See generally Crist v. Fla. Ass’n of Criminal Def. Lawyers, Inc.,
 
 978 So.2d 134 (Fla.2008) (statutory creation of the five regional offices to handle representation in the criminal cases where a public defender has a conflict is not an unconstitutional creation of a second tier of public defenders).
 

 Effective October 1, 2007, when the Office of the Public Defender, at any time during the representation of two or more defendants, determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without a conflict of interest, or that none can be counseled by the public defender because of a conflict of interest, the Office of Criminal Conflict and Civil Regional Counsel shall be appointed and shall provide legal services to indigents in an enumerated list of cases. These include a person who is under arrest for or charged with a felony, under arrest or charged with a misdemeanor authorized for prosecution by the state attorney, a violation of Chapter 316 punishable by imprisonment, criminal contempt, or a violation of a special law or county or municipal ordinance ancillary to a state charge, or if not ancillary to a state charge, only if the Office of Criminal Conflict and Civil Regional Counsel contracted with the county or municipality to provide representation.
 
 See
 
 § 27.511(5)(a)(b), Fla. Stat. (2008). The Regional Counsel also may be appointed based on conflict when a child is alleged to be delinquent pursuant to a petition filed before a circuit court, or when a person is sought by petition to be involuntarily placed as a mentally ill person, involuntarily committed as a sexually violent predator, or involuntarily admitted to residential services as a person with developmental disabilities.
 
 See
 
 § 27.511(5)(c)(d), Fla. Stat. (2008). The Regional Counsel also may be appointed to represent persons convicted and sentenced to death for purposes of handling an appeal to the supreme court, or for appeals in the cases previously described.
 
 See
 
 § 27.511(5)(e)(f), Fla. Stat. (2008).
 
 [1]
 

 
 *1182
 
 Regional Counsel argues that the statutory duties of his office do not encompass post-conviction proceedings. One of the orders denying withdrawal states that while the enabling statute does not specifically authorize Regional Counsel to represent indigent defendants in post-conviction proceedings, it does not specifically bar Regional Counsel from representing indigent defendants in post-conviction proceedings either.
 

 Regional Counsel is correct that the authority to represent criminal defendants in post-conviction proceedings is not set forth as an assigned duty in section 27.511(5), Florida Statutes (2008). Section 27.40(1), Florida Statutes (2008), states that the Office of Criminal Conflict and Civil Regional Counsel shall be appointed to represent persons in those cases in which a provision is made for court-appointed counsel but the public defender is unable to provide representation due to a conflict of interest or is not authorized to provide representation. That statutory language is general in nature and could be construed as authorizing the appointment of Regional Counsel whenever there is a conflict of interest. However, section 27.511(5) specifies the types of cases where Regional Counsel may be appointed when there is a conflict.
 

 When the language of a statute is clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning.
 
 See Holly v. Auld,
 
 450 So.2d 217, 219 (Fla. 1984). If the meaning is not clear, courts may resort to rules of statutory construction.
 

 The doctrine of
 
 in pari materia
 
 is a principle of statutory construction that requires statutes relating to the same subject to be construed together to harmonize the statutes and to give effect to the Legislature’s intent.
 
 See Fla. Dep’t of State v. Martin,
 
 916 So.2d 763 (Fla.2005). Similarly, if part of a statute appears to have clear meaning if considered alone, but when that meaning is inconsistent with other parts of the same statute or other statutes
 
 in pari materia,
 
 the court will examine the entire act and those others
 
 in pari materia
 
 in order to ascertain the overall legislative intent.
 
 See Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC,
 
 986 So.2d 1260 (Fla.2008), citing
 
 Fla. State Racing Comm’n v. McLaughlin,
 
 102 So.2d 574, 575-76 (Fla.1958). When the general provision of section 27.40 is read
 
 in pari materia
 
 with the more specific statute, section 27.511(5), it is clear that post-conviction collateral proceedings are not within the realm of Regional Counsel’s duties of representation.
 

 Another principle of statutory construction,
 
 expressio unius est exclusio al-terius,
 
 means that in construing a statute, the expression of one thing implies the exclusion of another.
 
 See Bush v. Holmes,
 
 919 So.2d 392 (Fla.2006). Section 27.511(5) expressly sets forth the types of cases in which Regional Counsel must represent an indigent defendant if there is a conflict. Other cases not specifically included in the statute would be excluded.
 

 Capital Collateral Regional Counsel represents defendants in post-conviction capital cases.
 
 See, e.g., Lowe v. State,
 
 2 So.3d 21, 2008 WL 4809695 (Fla. Nov. 6, 2008);
 
 Maas v. Olive,
 
 992 So.2d 196 (Fla.2008). However, Capital Collateral Regional Counsel is created by an entirely different statute, section 27.701, Florida Statutes
 
 *1183
 
 (2008). The Capital Collateral Regional Counsel has the sole purpose of instituting and prosecuting collateral actions challenging the legality of the judgment and sentence imposed against persons in capital cases.
 
 See
 
 § 27.702, Fla. Stat. (2008). The enabling statute in this case, section 27.511, Florida Statutes, has no comparable provision regarding collateral post-conviction proceedings.
 

 There is no absolute constitutional right to post-conviction counsel.
 
 See Pennsylvania v. Finley,
 
 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). However, in Florida, post-conviction counsel may be appointed by the trial court in its discretion when necessary to protect a defendant’s due process rights.
 
 See Graham v. State,
 
 372 So.2d 1363 (Fla.1979) (post-conviction counsel may be required depending on the complexity of the post-conviction proceeding, the need for an evidentiary hearing, or the need for substantial legal research). A Rule 3.850 proceeding is civil in nature.
 
 See Jackson v. State,
 
 452 So.2d 533 (Fla.1984). Unlike other civil proceedings where the right to appointment of counsel is absolute under constitutional or statutory law, the right to post-conviction counsel is determined on a case-by-case basis. If a trial court determines that appointment of post-conviction counsel is necessary in a particular 3.850 proceeding, there is no specific provision for the appointment of Regional Counsel under section 27.511. However, this is not to say that the trial court cannot appoint private conflict counsel. As the Supreme Court noted in
 
 Crist, supra,
 
 the Legislature maintains the registry system whereby private attorneys are appointed in cases in which neither the Public Defender nor a Regional Counsel can provide representation.
 
 Crist,
 
 978 So.2d at 144.
 

 The orders in these cases assigned new duties to Regional Counsel beyond those established by the Legislature. These appointments constitute a departure from the essential requirements of law for which certiorari relief is available.
 
 See Behr v. Gardner,
 
 442 So.2d 980 (Fla. 1st DCA 1983) (granting certiorari relief where trial court appointed a public defender to act as co-counsel to represent indigent defendant already represented by private counsel).
 

 The Petitions for Writ of Certiorari are GRANTED and the Orders of Appointment are QUASHED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . Effective October 1, 2007, Regional Counsel has primary responsibility for persons entitled to court-appointed counsel in civil proceedings, including proceedings under section
 
 *1182
 
 393.12 and Chapters 39, 390, 392, 397, 415, 743, 744, and 984, Florida Statutes.
 
 See
 
 § 27.511(6)(a), Fla. Stat. (2008). However, there is no absolute constitutional right to post-conviction counsel under federal or state law.