THOMAS, J.,
concurring.
I write to urge the Florida Supreme Court to consider the negative impact of Florida Rule of Criminal Procedure 3.170(¿). The Court’s opinion in Sheppard v. State, 17 So.3d 275, 287 (Fla.2009), states that “the wisdom of the rule is not before us.” Id. at 283 n. 7. I question the wisdom of rule 3.170(£). This rule imposes high costs and heavy burdens on the ad *1192 ministration of justice by creating an entitlement to a second, lawyer at public expense, where mandated by the rule and Sheppard.
I note Judge Warner’s thoughtful special concurrence in Williams v. State, and I fully agree that
a motion to withdraw the plea after sentencing is not a critical stage of the proceedings, as the defendant has already pled and been sentenced. Therefore, the “proceedings” are in fact at an end with sentencing. Rule 3.170(1) is a collateral, judicially-created proceeding which is not essential to due process.... It has proved costly with little, if any, benefit.
959 So.2d 830, 832-33 (Fla. 4th DCA 2007) (Warner, J., specially concurring).
I respectfully suggest that the better view is that motions to withdraw pleas after sentencing are postconviction proceedings. Thus, a movant in such a case would not be entitled to the appointment of counsel as a matter of right. See Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Graham v. State, 372 So.2d 1363 (Fla.1979); Deen v. Wilson, 1 So.3d 1179 (Fla. 5th DCA 2009). Rather, trial courts could require defendants seeking to withdraw their plea after sentencing to file a motion to discharge their counsel and, if granted, allow a defendant to move pro se to withdraw the plea, either within a 30-day window or pursuant to Florida Rule of Criminal Procedure 3.850.
While it is true that it is far better to have legal representation whenever possible, I think such a decision is properly left to the Legislature where not mandated by organic law. See, e.g., Deen v. Wilson, 1 So.3d 1179, 1181-83 (Fla. 5th DCA 2009) (containing a general discussion of various legislative enactments providing for capital postconviction counsel and conflict counsel at trial). It is for the Legislature to provide additional publicly-funded counsel in cases where the organic law does not require such appointments. To date, the United States Supreme Court has not established such a requirement.
I concur in the majority opinion, however, as I am bound by precedent.