LAWSON, J.
 

 A law firm, appraisal firm and land planning company appeal a final judgment dismissing their suit to recover attorney’s fees and other costs incurred in defending two landowners against a proposed Volusia County road widening project. The County abandoned the project before settling with the property owners or filing a condemnation action against them. Reviewing the matter
 
 de novo, see Parker v. Parker,
 
 916 So.2d 926, 928 (Fla. 4th DCA 2005), we affirm. We agree with the trial court that the eminent domain statute does not provide for the recovery of attorney’s fees and costs associated with a threatened condemnation action where no pre-suit settlement is reached and no condemnation suit is filed.
 
 [1]
 
 Our review is limited to the four corners of the complaint, the allegations of which we accept as true.
 
 Id.
 
 Appellants alleged as follows:
 

 In June 2006, the County sent the property owners a “Notice to Owner,” which stated, “Our research shows you own property needed for this project.” The letter
 
 *625
 
 listed a summary of the property owners’ rights, including, this statement: “You may receive reimbursement for reasonable attorney fees and other reasonable costs you incur for appraisal and other services associated with the County’s acquisition.” Those statements led the property owners to believe their property was being taken by the government and that they should hire an attorney.
 

 The County’s June 2006 letter also referenced an attached brochure entitled “The Real Estate Acquisition Process.” The brochure referenced various attorney fee provisions in chapter 73, including sections 73.015 and 73.092, Florida Statutes, which, along with the letter, “clearly invite[d] the property owners to make offers to settle the compensation issues pre-suit with assurances that the costs of preparation of the experts’ reports” would be the County’s responsibility.
 
 [2]
 

 Later in June 2006, the property owners hired Attorney John Upchurch to represent them in the negotiations with the County, and if necessary, any condemnation litigation. Meanwhile, the County hired an appraiser and another firm, American Acquisition Group, LLC, to negotiate with the property owners. The County’s appraiser valued the property at $76,700.00.
 

 In October 2006, the property owners received a written offer from the County for the above amount. The offer also stated, “As you have been previously notified, the County of Volusia Public Works is in the process of acquiring the needed property for the above-referenced project. A determination has been made that either a part or all of your property will be needed.” Later that same month, the County sent to the property owners a ninety-day “Letter of Assurance,” giving them at least ninety days to relocate and stating in part, “the County of Volusia Public Works Department is in the process of acquiring right of way for the above referenced project in your area.”
 

 In November 2007, the County sent the property owners a final offer stating that the property would be submitted for condemnation proceedings if a settlement was not reached and that “[t]he County of Vo-lusia will be acquiring property owned by you for a transportation project.” The property owners questioned whether the County’s offer was sufficient so they hired experts, specifically Calhoun Dreggors & Associates and Rahenkamp Design Group, Inc., to analyze the County’s appraisal and prepare an opinion of the appropriate compensation.
 

 On June 3, 2008 (two years after the County’s initial letter to the property owners), the County notified the property owners that it had decided not to move forward with the project and would “not be pursuing the acquisition of any interest in [their] property at this time.” When the owners requested reimbursement of their attorney’s fees and costs, the County refused.
 

 The County conceded that the landowners had acted in good faith by hiring an
 
 *626
 
 attorney and experts, but argued that it was not legally obligated to reimburse them for fees and costs reasonably incurred when responding to the County’s notices and offers, made under threat of a condemnation proceeding. The trial court agreed with Appellants that perhaps fees and costs
 
 should
 
 be compensable under these circumstances, but found that they were not compensable under present Florida law.
 

 The final judgment stated that “Chapter 73 of the Florida Statutes (2008) does not provide for an award of attorneys fees or costs incurred by landowners before the commencement of an eminent domain action in the circuit court, except in the case of pre-suit settlement.” Appellants timely appealed.
 

 As acknowledged by both parties, attorney’s fees are generally not recoverable unless expressly authorized by a statute, rule or contract.
 
 Hubbel v. Aetna Cas. & Sur. Co.,
 
 758 So.2d 94, 97 (Fla.2000). Chapter 73, Florida Statutes, governing eminent domain actions in Florida, provides for attorney’s fee awards in three sections: 73.015, 73.091 and 73.092. Section 73.015(4) states, in pertinent part:
 

 If a settlement is reached between the condemning authority and a property or business owner prior to a lawsuit being filed, the property or business owner who settles compensation claims in lieu of condemnation shall be entitled to recover costs in the same manner as provided in s. 73.091 and attorney’s fees in the same manner as provided in s. 73.092,....
 

 (Emphasis added). Thus, section 73.015(4) expressly authorizes an award of attorney’s fees and costs to landowners only when “settlement is reached ... prior to a [condemnation] lawsuit being filed.” Here, Appellants allege that no pre-suit settlement occurred. Thus, section 73.015(4), by its plain language, does not authorize a recovery in this case.
 
 See Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (“[W]hen the language of the statute is clear and unambiguous ... the statute must be given its plain and obvious meaning.”);
 
 see also Deen v. Wilson,
 
 1 So.3d 1179, 1182 (Fla. 5th DCA 2009) (discussing the principle of statutory construction “expression unius est exclusion alterius,” which means the mention of one thing implies the exclusion of another).
 

 Section 73.091(1) states in pertinent part that: “The petitioner shall pay attorney’s fees as provided in s. 73.092 as well as all reasonable costs incurred in the defense of the proceedings in the circuit court, including, but not limited to, reasonable appraisal fees ...” (Emphasis added). This statute plainly authorizes only fees and costs “incurred in the defense of the proceedings in the circuit court.”
 
 [3]
 
 Such proceedings are initiated by the filing of a petition. For purposes of awarding fees under this statute, this court has previously held that “[n]othing short of a petition which adheres to the statutory guidelines will commence condemnation proceedings under chapter 73.”
 
 Dep’t of Envtl. Protection v. Gibbins,
 
 696 So.2d 888, 890 (Fla. 5th DCA 1997).
 

 Section 73.092 primarily sets forth the methods prescribed for determining a fee award when authorized by the eminent domain statute. Subsection 73.092(1) requires the trial court to award attorney’s
 
 *627
 
 fees “based solely on the benefits achieved for the client” in the “eminent domain proceeding” and defines “benefits” as “the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney....”
 
 [4]
 
 By its plain language, this subsection presumes either a settlement or suit as a precondition to the award of attorney’s fees.
 

 Subsection 73.092(2) sets forth an alternative method for determining the amount of a compensable fee “incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for....” By its plain language, this subsection also presumes that an eminent domain action has been filed. Appellants argue that the language “when not otherwise provided for” in this subsection should be read as authorizing attorney’s fees in any eminent-domain-related matter for which there is no other express authorization in the statute for an award of fees. However, when the clause is placed into context with the rest of the sentence, it is clear that it relates to determining the
 
 amount
 
 of fees, not the
 
 entitlement
 
 to fees.
 

 The sentence begins with the phrase “In assessing attorney’s fees,” which indicates that the provision is dealing with the amount rather than entitlement to fees. It then identifies three situations where fees can be awarded: when they are incurred “in defeating an order of taking, or for apportionment, or other supplemental proceedings .... ” All three of these situations occur after a condemnation suit is filed.
 

 Then comes the phrase relied upon by Appellants, “when not otherwise provided for,” immediately followed by “the court shall eonsider[,]” with a list of factors to consider. These clauses also relate to determining the amount of fees, not their entitlement. In short, the clause “when not otherwise provided for” means that when the method of determining the amount of fees is “not otherwise provided for” in chapter 73, “the court shall consider” the factors that follow. For example, this second method of determining fees has been used where the condemnor files suit and later voluntarily dismisses the action,
 
 see Department of Transportation v. ABS Properties Partnership,
 
 693 So.2d 703 (Fla. 2d DCA 1997), a situation for which entitlement to fees is established by section 73.091(1) — but no method for determining the amount of the fee award is otherwise provided for in chapter 73.
 

 Reading the plain language of the statute, as the trial court did, and as we are required to do as well, we find that chapter 73 does not authorize an award of fees or costs in this case, where there was no pre-suit settlement and no condemnation action filed.
 

 One other case merits discussion. Appellants argue that
 
 Department of Transportation v. Grice Electronics,
 
 356 So.2d 7 (Fla. 1st DCA 1977) is “directly on point” and provides authority for fees incurred after the condemnor has “started the condemnation process” but before it has filed suit. Stated differently, Appellants argue that
 
 Grice
 
 allows fees to be awarded for work performed “before suit was filed but after condemnation was imminent.” The
 
 Grice
 
 decision states, in toto:
 

 This is an interlocutory appeal from an order awarding attorneys fee in a condemnation suit. We have considered
 
 *628
 
 the briefs, the record, and the oral arguments by attorneys for the respective parties and find no abuse of discretion by the trial judge.
 

 The primary contention of appellant was that the trial court erred in allowing compensation to appellee’s attorneys for woi'k performed before suit was filed but after condemnation was imminent. The trial judge did not err in so doing.
 
 See Dade County v. Brigham,
 
 47 So.2d 602 (Fla.1950);
 
 Jacksonville Express. Auth. v. Henry G. Du Pree Co.,
 
 108 So.2d 289 (Fla.1958), and
 
 Orange State Oil Co. v. Jacksonville Expressway Auth,
 
 143 So.2d 892 (Fla. 1 DCA 1962).
 

 Id.
 
 The first sentence of the opinion plainly states that the matter involved an appeal from a fee award “in a condemnation suit.” Thus, even if the court in
 
 Grice
 
 upheld an award for fees incurred after suit was imminent, the
 
 entitlement
 
 to fees would not have been triggered until the condemnation suit was filed. In the instant case, of course, the County never filed suit. Thus,
 
 Grice
 
 is distinguishable.
 

 Finally, we note that both Appellants and the County make policy arguments as to why fees and costs should or should not be recoverable in this context. Although we agree with the trial judge that Appellants arguments appear more persuasive, they are not proper considerations for an appellate court called upon to apply an unambiguous statute. Rather, these arguments should be advanced to the Legislature.
 

 AFFIRMED.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 . The County alternatively argues that we should affirm with a finding that Appellants lack standing to pursue the action below. However, the County expressly waived standing as a potential appellate issue in the proceedings below. Accordingly, we will not address the issue on appeal.
 

 [2]
 

 . The brochure also contained the following statements regarding fee reimbursement:
 

 The County will reimburse you for certain fees and costs you incur during the acquisition process, primarily for the services of an attorney and/or appraiser. However, the law places certain limitations on this reimbursement. If you enter into binding agreements for legal, appraisal and other services, you may be responsible for payment of any amounts exceeding what is reimbursable by law. Before you enter into binding agreements we recommend that you allow us to make our offer to you and more fully explain the reimbursement process.
 

 (emphasis added).
 

 [3]
 

 . This conclusion is bolstered by the Legislature's description of the condemning authority in this section as “the petitioner.” When a condemning authority files its condemnation case, it is referred to in the initial and subsequent pleadings as "the petitioner.” § 73.021, Fla. Stat. (2008). Describing the party responsible for fees as the petitioner presumes that the eminent domain complaint has been filed.
 

 [4]
 

 . If no written offer is made before the defendant hires an attorney, this subsection dictates that benefits be measured from the first written offer made after the attorney is hired. § 73.092(l)(a), Fla. Stat. (2008).