KHOUZAM, Judge.
 

 In these two consolidated cases, the Second District’s Office of Criminal Conflict and Civil Regional Counsel seeks a quash
 
 *106
 
 al of (1) the orders appointing Regional Counsel to represent the defendants, Donald Smith and Michael L. Queen, at the evidentiary hearings on their respective motions for postconviction relief and (2) the orders denying Regional Counsel’s motions to withdraw. The petitions for writ of certiorari are untimely as to the orders appointing Regional Counsel, but timely as to the orders denying the Regional Counsel’s motions to withdraw. We grant Regional Counsel’s petitions for writ of cer-tiorari to the extent that they seek a quashal of the orders denying Regional Counsel’s motions to withdraw.
 

 These petitions have been consolidated as raising the same issue. At its core, the issue concerns whether Regional Counsel is subject to appointment for indigent defendants in postconviction proceedings. The underlying issue raised in these petitions has been resolved favorably to both the Fifth District’s and the First District’s Office of Criminal Conflict and Civil Regional Counsel in
 
 Deen v. Wilson,
 
 1 So.3d 1179 (Fla. 5th DCA 2009), and
 
 Office of Criminal Conflict and Civil Regional Counsel, First District v. Bruner,
 
 19 So.3d 447 (Fla. 1st DCA 2009).
 

 In
 
 Deen,
 
 1 So.3d 1179, the Fifth District considered orders in four trial court cases that had appointed Regional Counsel to represent defendants in postconviction proceedings and had denied Regional Counsel’s motions to withdraw. The court examined the creation of the Office of Regional Counsel and the duties set forth in the enabling statute. The court recognized that Regional Counsel’s “authority to represent criminal defendants in post-conviction proceedings is not set forth as an assigned duty in section 27.511(5), Florida Statutes (2008).”
 
 Id.
 
 at 1182. ' It determined that the postconviction court’s orders “assigned new duties to Regional Counsel beyond those established by the Legislature,” and that Regional Counsel’s appointment constituted a departure from the essential requirements of law.
 
 Id.
 
 at 1183. The court granted the petitions for writ of certiorari and quashed the orders of appointment.
 
 Id.
 

 We agree with the Fifth District’s analysis in
 
 Deen,
 
 and like the First District in
 
 Bruner,
 
 recognize the precedent established by
 
 Deen. See Bruner,
 
 19 So.3d at 447-48. Here, the postconviction court declined to follow the precedent explained by and established in
 
 Deen
 
 and
 
 Bruner
 
 when it denied Regional Counsel’s motions to withdraw. This constituted a departure from the essential requirements of law without an adequate remedy by later appeal. Accordingly, we grant Regional Counsel’s petitions for writ of certiorari to the extent that they seek a quashal of the orders denying Regional Counsel’s motions to withdraw.
 

 The petitions for writ of certiorari are granted and the orders denying the motions to withdraw are quashed.
 

 WALLACE and CRENSHAW, JJ., Concur.