PER CURIAM.
 

 Donald Lamar Smith, Appellant, appeals his judgment and sentence for grand theft in an amount of $300 or more, but less than $5,000. Appellant argues that the trial court erred in striking his post-sentence pro se motion to withdraw plea, which he filed while represented by counsel. Recently, in
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009), the Florida Supreme Court adopted specific procedures for a trial court to follow when deciding whether to strike a post-sentence motion to withdraw a plea when it is filed pro se by a represented defendant. Under the principles announced in
 
 Sheppard,
 
 the record does not support the trial court’s decision to strike the motion in its entirety. As explained below, two of the grounds for plea withdrawal alleged in Appellant’s motion require further proceedings. Accordingly, we reverse and remand for reconsideration of those portions of Appellant’s motion in accordance with
 
 Sheppard.
 

 Appellant pled nolo contendere to grand theft in an amount of $300 or more, but less than $5,000. Before accepting the plea, the trial court questioned Appellant regarding whether anyone had promised him a particular sentence. At the beginning of the plea colloquy, the trial court advised Appellant that if the plea was accepted, he could receive any legal sentence, including up to five years in prison. Appellant testified that he understood. Appellant further testified that no one had induced him to enter the plea by promising a particular sentence. Even after this assurance, the trial court emphasized to Appellant that no one could “possibly know” what sentence Appellant would receive because the sentencing judge himself did not
 
 *74
 
 know. Appellant again testified that he understood. Later, Appellant participated in a sentencing hearing.
 

 After judgment and sentence were entered, Appellant filed a timely pro se motion to withdraw his plea, alleging the following:
 

 It has come to my attention that my appointed counsel did not have my best interest at hand. When he advised me to accept a conviction to Grand Theft, [h]e sold me the idea that I would not get a prison sentence with not having prison sanction points. He advised me, it would be in my best interest.
 

 Secondly, I never had a chance to examine! 1 my discovery exhibit and from my research F.S. 3.220 gives me the right to have examined all information the State had against me and be explained by my appointed coun[s]el. This is initial grounds to show ineffective counsel and just cause to withdraw plea agreement.
 

 Furthermore, I asked counfsel] to explain to me [a] certain statu[t]e that seems to be relevant to my ... defense. My attorney stated to me that the statute was out dated and didn’t apply to my case. Movant, also asked attorney to show case law that could show me why it did not apply, he could not. The statu[t]e is FL St. 777.04 Attempts.... [T]he legislature] has not replaced [the] statu[t]e, nor has [The] Florida Supreme Court call[ed] into question the legality of the statu[t]e as it relates to Level 1 and Level 2 offenses. Moreover, the elements of 777.04[are] totally different in nature than the theft statu[t]e, and it described] the exact elements of what Prevention of a criminal Act, is the total opposite of what the theft statute does not.
 

 [[Image here]]
 

 And finally I asked counsel to argue the value of property that was taken. Without me seeing the discovery packet until the day before plea. I asked him how could just a list ... with price be sufficient without the merchandise in question. He told me it would not matter. But value would matter and how they [determine] the value.
 

 Without holding a hearing to determine whether an adversarial relationship existed between Appellant and his attorney, the trial court struck the motion as an unauthorized pleading, declaring it null and without legal effect.
 

 Ordinarily, any pro se motion filed by a represented party is indeed a nullity.
 
 See Logan v. State,
 
 846 So.2d 472, 475 (Fla. 2003). Even before the Florida Supreme Court’s recent pronouncement in
 
 Sheppard,
 
 however, this rule was not without exceptions.
 
 See, e.g., Nelson v. State,
 
 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). In
 
 Sheppard,
 
 the Florida Supreme Court held that Florida courts must recognize an additional “limited exception” to this rule in any case where “a represented defendant files a pro se rule 3.170(i) motion based on allegations giving rise to an adversarial relationship such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea.” 17 So.3d at 287. In any such case, the trial court must hold a limited hearing at which the defendant, defense counsel, and the State are present.
 
 Id.
 
 at 287. If the trial court then determines that an adversarial relationship exists between the defendant and defense counsel, it must appoint conflict-free counsel to represent the defendant, unless the record conclusively refutes the defendant’s allegations.
 
 Id.
 

 The initial inquiry as to whether the motion’s allegations give rise to an adversarial relationship and the later inquiry as to whether the record conclusively refutes
 
 *75
 
 the motion’s allegations are both matters that may be decided on the basis of written materials alone. Accordingly, we have reviewed these matters de novo,
 
 see Hen-yard, v. State,
 
 992 So.2d 120, 132 (Fla. 2008), to determine whether the trial court’s decision to strike Appellant’s motion may be affirmed under the tipsy coachman doctrine.
 
 See Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999) ([I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.). In conducting this analysis, we have gleaned from Appellant’s motion four alleged grounds for withdrawal of his plea: (1) that his attorney erroneously advised him that he could expect not to receive a prison sentence if he entered a plea of nolo contendere; (2) that he was unable to review the evidence against him before entering his plea; (3) that his attorney erroneously advised him that section 777.04, Florida Statutes, was inapplicable to his defense and that there was no need to discuss it; and (4) that his attorney erroneously advised him that the value of the property at issue was irrelevant to the charge of grand theft and, accordingly, prospectively refused to raise any defense based on the value of the property.
 

 First, we have considered whether the allegations in Appellant’s motion “give rise to an adversarial relationship” within the meaning of
 
 Sheppard,
 
 such that the trial court was required to conduct a limited hearing to determine whether an adversarial relationship actually existed. The
 
 Sheppard
 
 court listed three types of allegations as examples of those tending to give rise to an adversarial relationship: those concerning misadvice, misrepresentations, and coercion. 17 So.3d at 287. It also indicated that an adversarial relationship exists when the allegations of the motion are such that defense counsel will be unable to refute the allegations while continuing to represent his client’s interests.
 
 Id.
 
 at 286. Illustrating this principle, the
 
 Sheppard
 
 court noted that “a general allegation of a conflict of interest with the lawyer” would be insufficient to show an adversarial relationship.
 
 Id.
 
 at 286. It has also been recognized that where a defendant alleges an unfortunate circumstance leading to the entry of an uninformed plea, but does not blame the attorney for that circumstance, the allegation does not give rise to an adversarial relationship.
 
 See Wendt v. State,
 
 19 So.3d 1024, 1027 (Fla. 3d DCA 2009) (finding no adversarial relationship where the defendant alleged only that she was “under the impression” that she would receive a shorter sentence than the one imposed, without alleging that counsel was the source of that impression).
 

 In the instant case, three of the allegations were sufficient to give rise to an adversarial relationship, and one was not. Grounds (1), (3), and (4) of Appellant’s motion all concern misadvice. Thus, under
 
 Sheppard,
 
 there is no question that they are the types of allegations that give the initial appearance of an adversarial relationship and require a limited hearing to explore that appearance further. In contrast, ground (2) does not allege misadvice or any other circumstance giving rise to an adversarial relationship. Although Appellant used the word “ineffective” in his argument concerning ground (2), his factual allegations do not support his assertion or show any conflict with his attorney. In ground (2), Appellant alleged merely that he was unable to review the evidence against him. He did not assign blame to defense counsel for this circumstance. Thus, he failed to allege an adversarial relationship. If Appellant’s motion had alleged ground (2) alone, it would have been proper for the trial court to strike it with
 
 *76
 
 out further consideration. However, because the allegations of grounds (1), (3), and (4) give rise to an adversarial relationship, the trial court should have held a hearing.
 

 Our determination that grounds (1), (3), and (4) give rise to an adversarial relationship does not end our analysis. Although these allegations are sufficient to invoke the requirement to hold a limited hearing under
 
 Sheppard,
 
 we have considered whether the trial court’s failure to hold such a hearing was harmless error, due to the
 
 Sheppard
 
 court’s instruction that conflict-free counsel is not necessary when the motion’s allegations are conclusively refuted by the record.
 
 See Sheppard,
 
 17 So.3d at 283-87.
 

 It is well-settled that when a court determines whether an allegation is conclusively refuted by the record, it may rely on the sworn testimony the defendant has given in a plea colloquy.
 
 See Iacono v. State,
 
 930 So.2d 829, 831 (Fla. 4th DCA 2006). Any allegations that contradict those answers should not be entertained.
 
 Id.
 
 As long as the defendant’s sworn testimony at the plea colloquy is specific enough to refute the allegations made in a post-plea motion, it may form the basis for a determination that the allegation is conclusively refuted by the record.
 
 Id.
 

 Appellant’s allegation in ground (1), that his attorney convinced him that he would not receive a prison sentence, is conclusively refuted by the record, as shown through Appellant’s sworn testimony in the plea colloquy. However, grounds (3) and (4) are not conclusively refuted by the record before us. Therefore, we cannot hold that the trial court’s striking of the motion was harmless as to these two grounds.
 

 In sum, Appellant’s allegation that he was unable to review the evidence against him before entering a plea is insufficient to invoke the
 
 Sheppard
 
 procedures, but the remaining allegations were sufficient to invoke those procedures. We conclude that the trial court’s striking of the motion as to Appellant’s allegation that his counsel mi-sadvised him regarding what sentence he could expect was harmless error because that ground is conclusively refuted by the record. Because the remaining allegations of misadvice appear to give rise to an adversarial relationship, and they are not conclusively refuted by the record, the trial court reversibly erred in failing to conduct at least a limited hearing to determine whether an adversarial relationship actually existed. Based on the newly adopted procedures outlined in
 
 Sheppard,
 
 the striking of Appellant’s motion as to these two grounds was at least premature. Accordingly, we reverse and remand Appellant’s judgment and sentence with instructions for the trial court to consider what we have characterized as grounds (3) and (4) of Appellant’s motion based on the procedures outlined in
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009).
 

 REVERSED and REMANDED with instructions.
 

 WEBSTER, DAVIS, and LEWIS, JJ., concur.