HAWKES, C.J.
 

 Michelle A. Johnson entered into a plea bargain and participated in a plea colloquy. She then decided she did not wish to plead guilty and filed a series of motions to withdraw the plea pursuant to Florida Rule of Criminal Procedure 3.170 (2008). The trial court summarily denied her motions. Due to the principles announced in
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009), the trial court was not required to appoint conflict-free counsel to assist Johnson in bringing these motions. Accordingly, we affirm.
 

 Plea Agreement
 

 Prior to entering her plea, Johnson signed a plea agreement,- writing her initials next to each of the following provisions:
 

 • I hereby enter my plea of guilty because I am guilty. Before entering such a plea of guilty, I was advised of the nature of all the charges against me, the statutory offenses included within such charges, the range of maximum allowable punishments for each charge, all the possible defenses to each charge, and all circumstances in mitigation of such charges.
 

 • I have been advised of all other facts essential to a full and complete understanding of all offenses with which I have been charged.
 

 • I have been advised of all direct consequences of the sentence to be imposed.
 

 • I admit that there is a factual basis for the charges to which I am pleading.
 

 • I understand that by pleading guilty I give up the following constitutional rights: [including] the right to trial by judge or jury, the right to be represented by counsel at trial, the right to have counsel appointed to represent me if I cannot afford to retain counsel, the right to present witnesses in my own behalf and to compel the attendance of those witnesses, the right to confront the witnesses against me, the right to require the State to prove its case against me beyond a reasonable doubt, and for purposes of this plea hearing, my right against self-incrimination.
 

 • My attorney has taken all actions requested by me, or has explained to my satisfaction and agreement why such actions should not be taken, and I concur with my attorney’s decision in that regard. I am completely satisfied with the services rendered by my attorney on my behalf in this case.
 

 • My sentence has been negotiated in this case, and I understand that it is as follows: Adjudicated Guilty: Sentenced to Cap of 20 Years.
 

 • I have entered into and signed this plea of guilty and negotiated sentence freely and voluntarily.
 

 Plea Colloquy
 

 The case then proceeded to a plea hearing. At the beginning of the hearing, Johnson’s attorney requested that the trial court “make it clear that I’ve explained [the plea agreement] to her and that she understands it.” Johnson was then placed under oath and the trial court began the colloquy:
 

 The Court: Ms. Johnson, your attorney has indicated you wish to enter a plea of
 
 *842
 
 guilty today to the first degree felony charge of conspiracy to traffic[ ] in [oxy-codine]; is that correct? [ ]
 

 The Defendant: Yes.
 

 The Court: That’s a first degree felony. The maximum penalty you could receive would be 30 years in prison with a three-year minimum mandatory and a $50,000 minimum mandatory fíne. Do you understand that?
 

 The Defendant: Yes.
 

 The Court: However, the State is recommending that I pass your case for sentencing and at the time of sentencing you will be sentenced to an adjudication of guilt and up to a cap of 20 years. There is no agreement as to a specific sentence but merely zero to 20 years. Do you understand that?
 

 The Defendant: Yes.
 

 The colloquy continued as the trial court asked if Johnson understood she was agreeing to give truthful testimony if asked, provide substantial assistance upon request, and make weekly contact with the caseworker to whom she was assigned. Johnson replied that she did. The trial court then asked if Johnson understood it would be a violation of the terms of her sentence if she failed to appear when called by the State for any purpose related to the plea. Johnson replied that she did. The trial court then asked if Johnson understood any violation of her sentence would enable the State to ask for the maximum penalty. Johnson replied that she did.
 

 The trial court next asked:
 

 The Court: By entering this plea, you’re waiving the following rights: [t]he right to trial by jury and to have your attorney assist you during trial, to compel witnesses to attend on your behalf and to confront and cross-examine witnesses who are presented against you, the right to remain silent and require the State to prove your guilt beyond a reasonable doubt, and the right to appeal all matters relating to the judgment in your case. You understand you are waiving those rights?
 

 The Defendant: Yes.
 

 Then, trial court asked if Johnson understood that if she was not a United States citizen, her plea and conviction could subject her to deportation under the Federal Immigration laws. Johnson replied that she did. The trial court then asked if Johnson understood she could be subject to involuntary civil commitment upon completion of her criminal sentence if the instant offense was sexually motivated. Johnson replied that she did.
 

 The colloquy concluded with the following exchange:
 

 The Court: Has anyone threatened you, coerced you or made you any promises?
 

 The Defendant: No.
 

 The Court: Are you under the influence today of any §.ubstance or mental condition that would affect your ability to understand what you’re doing?
 

 The Defendant: No.
 

 The Court: By your plea are you acknowledging that you are, in fact, guilty of the charge?
 

 The Defendant: Yes.
 

 The Court: What is the highest grade you completed in school?
 

 The Defendant: Graduated.
 

 The Court: From high school?
 

 The Defendant: Yes.
 

 The Court: So you’re able to read and write?
 

 The Defendant: Yes, ma’am.
 

 The Court: Is this your signature on the plea form?
 

 The Defendant: Yes.
 

 
 *843
 
 The Court: Did your attorney go over this form with you in detail?
 

 The Defendant: Yes.
 

 The Court: Did he answer all of your questions?
 

 The Defendant: Yes.
 

 The Court: Do you have any other questions you need to ask your attorney or the Court?
 

 The Defendant: No.
 

 The Court: This form has a place for your signature for each paragraph. Did you read each paragraph and initial each paragraph?
 

 The Defendant: Yes.
 

 The Court: Is there any paragraph that you did not understand?
 

 The Defendant: No, ma’am.
 

 The Court: Are you fully satisfied with your attorney’s representation?
 

 The Defendant: Yes.
 

 The trial court then asked the prosecutor to provide a factual basis for the plea. The prosecutor responded that, had the case proceeded to trial, the evidence would have shown that, at some point between November 15, 2005, and November 27, 2005, Johnson knowingly conspired to sell, purchase, manufacture, deliver, or traffic four grams or more of oxycodone. Since there were no legal exceptions or objections, the trial court accepted Johnson’s plea, finding it to be “freely and voluntarily entered with a full understanding of the nature and consequences.”
 

 Johnson’s motions to withdraw her plea
 

 Following the acceptance of the plea, but before the sentencing hearing, Johnson filed a motion to withdraw her plea pursuant to Florida Rule of Criminal Procedure 3.170(f) (2008). In the motion, which was prepared with the assistance of counsel, she claimed she did not fully understand the plea agreement and how it would affect her and her minor children.
 

 At Johnson’s sentencing hearing, the trial eourt addressed Johnson’s motion to withdraw her plea. It read to Johnson extensive excerpts from her plea colloquy and stated her declarations during the colloquy refuted the claims raised in her motion. The trial court then denied Johnson’s motion to withdraw the plea and sentenced her to ten years of imprisonment followed by ten years of probation.
 

 Following sentencing, Johnson filed a pro se motion to withdraw her plea pursuant to Florida Rule of Criminal Procedure 3.170(Z) (2008). Johnson asserted two arguments as to why her plea should be withdrawn. First, she reiterated her earlier claim that she did not understand the consequences of the plea agreement. Second, she made the general claim that she was coerced into pleading guilty. The trial court summarily denied the motion without appointing substitute counsel. This appeal followed.
 

 Analysis
 

 In
 
 Sheppard v. State,
 
 17 So.3d at 287 the Supreme Court detailed the procedure which should be followed when a defendant brings a pro se postconviction motion to withdraw a plea based on conflict with counsel:
 

 [W]hen a represented defendant files a pro se rule 3.170(0 motion based on allegations giving rise to an adversarial relationship such as counsel’s misadviee, misrepresentation, or coercion that led to the entry of the plea ... the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either
 
 *844
 
 permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.
 

 Id.
 
 Accordingly, under
 
 Sheppard,
 
 there is a two-step process which must be followed when a defendant moves to withdraw his/ her plea pursuant to rule 3.170(() based on allegations of “misadvice, misrepresentation or coercion.” First, the trial court must hold a limited hearing to determine whether the allegations have merit.
 
 See Smith v. State,
 
 21 So.3d 72 (Fla. 1st DCA 2009). Second, if the trial court determines that an adversarial relationship exists, it must determine whether the record conclusively refutes the allegations in the motion.
 
 Id.
 

 We must use this caselaw to analyze Johnson’s motions to withdraw. Johnson’s pre-sentencing motion to withdraw the plea alleged only that she was confused by the terms of her plea agreement. Simply because a defendant is confused does not mean he/she has a conflict with counsel.
 
 See Wendt v. State,
 
 19 So.3d 1024 (Fla. 3d DCA 2009). Therefore, the trial court could deny the pre-sentencing motion without appointing substitute counsel.
 

 However, the post-sentencing motion to withdraw the plea alleged, in part, that Johnson was coerced into taking the plea. Allegations of coercion may indicate an adversarial relationship with counsel.
 
 See Sheppard,
 
 17 So.3d at 287. Here, Johnson never specifically alleged that her attorney coerced her. Assuming she meant she was coerced by her attorney, the trial court should have held a hearing to determine whether the allegation of coercion was legitimate. However, its failure to do so may be considered harmless error if the allegation in the motion was conclusively refuted by the record.
 
 Id.; see also Smith,
 
 21 So.3d at 76 (stating that despite the trial court’s failure to hold a hearing, defendant’s “allegation that his counsel misadvised him regarding what sentence he could expect was harmless error because that ground is conclusively refuted by the record”).
 

 When determining “whether an allegation is conclusively refuted by the record, [a trial court] may rely on the sworn testimony the defendant has given in the plea colloquy. Any allegations that contradict those answers should not be entertained.”
 
 Id.
 
 (citations omitted);
 
 see also Wallace v. State,
 
 939 So.2d 1123, 1124-25 (Fla. 3d DCA 2006) (finding a motion to withdraw was properly denied as its grounds were refuted by, among other things, admissions in the plea colloquy);
 
 Jewel v. State,
 
 954 So.2d 757, 758 (Fla. 4th DCA 2007) (stating “where the transcript of a plea colloquy conclusively refutes the claim, there is no point in appointing conflict-free counsel or holding an evidentiary hearing”). Here, the allegation of coercion was refuted by Johnson’s answers in both her plea colloquy and plea agreement.
 

 In her plea colloquy, Johnson was asked whether
 
 anyone
 
 had “threatened,” “coerced,” or “made [her] any promises” regarding the plea. She answered “no.” When asked whether she was “acknowledging that [she was], in fact, guilty of the charge,” she answered “yes.” Finally, when asked if she was “fully satisfied with [her] attorney’s representation,” she indicated that she was.
 

 Johnson’s plea agreement was even more specific. In it, she stated “I hereby enter my plea of guilty because I am guilty.” She also affirmed “there [was] a factual basis for the charges to which I am pleading.” She went on to state “I am completely satisfied with the services rendered by my attorney on my behalf in this case.” She concluded the agreement by emphasizing she
 
 “entered
 
 into and signed
 
 *845
 
 this plea of guilty and negotiated sentence
 
 freely
 
 and
 
 voluntarily.”
 

 These statements in the plea colloquy and plea agreement conclusively refuted Johnson’s broad allegation that she was coerced by someone, possibly her attorney, into entering the plea. Accordingly, under
 
 Sheppard,
 
 Johnson was not entitled to conflict-free representation for this claim. The trial court’s failure to hold a hearing on this claim is, therefore, harmless error.
 
 [1]
 

 Given the foregoing, the trial court was not required to appoint substitute counsel on either of Johnson’s motions to withdraw her plea. The summary denials of these motions are AFFIRMED.
 

 WETHERELL, J., concurs; BENTON, J., concurs in result only.
 

 [1]
 

 . Counsel also did not need to be appointed for Johnson’s claim in her post-sentencing motion that she was confused by the proceedings which took place. As previously described, allegations of confusion do not imply a conflict between counsel and a defendant.