ROWE, J.
 

 David Raycourt Echeverría appeals the denial of his pro se motion to withdraw a negotiated plea which alleged that his plea was not voluntary because trial counsel was ineffective in advising him whether to go to trial or whether to accept a sentence over the original cap of six years in prison. Without a hearing, the trial court entered an order striking the motion as a nullity because Mr. Echeverría was still represented by counsel at the time the motion was filed. We find that our analysis in this case is controlled by
 
 Sheppard v. State,
 
 17 So.3d 275, 287 (Fla.2009). We affirm the trial court’s denial of the motion to withdraw the plea because Mr. Echever-ria’s general claims of ineffectiveness of his counsel do not sufficiently allege an adversarial relationship requiring a
 
 Sheppard
 
 hearing. We also find that any error in the trial court’s failure to hold a hearing was harmless because the allegations are conclusively refuted by the record.
 

 In
 
 Sheppard v. State,
 
 17 So.3d 275, 287 (Fla.2009), the supreme court outlined the procedure which trial courts should follow when a defendant who is represented by counsel files a pro se rule 3.170(Z) motion to withdraw a plea based on allegations that give rise to an adversarial relationship with counsel. Before
 
 Sheppard,
 
 the court had established a bright-line rule against hybrid representation, holding that a pro se motion filed by a represented party is a nullity.
 
 Logan v. State,
 
 846 So.2d 472, 475 (Fla.2003). In
 
 Sheppard,
 
 the court receded from this rule and held that where a pro se rule 3.170(£) motion of a represented criminal defendant sufficiently alleges circumstances which could give rise to an adversarial relationship between the defendant and counsel, a trial court should no longer strike the motion as a nullity.
 
 Id.
 
 at 287.
 

 The court in
 
 Sheppard
 
 identifies three examples of allegations which could give rise to an adversarial relationship: 1) counsel misadvised the defendant; 2) counsel misrepresented the terms of the plea; or 3) counsel coerced the defendant into accepting the plea.
 
 Id.
 
 at 286. The court
 
 *804
 
 held that if the motion presents such allegations, the trial court should then hold a limited hearing to determine whether it appears that an adversarial relationship has actually arisen and whether the petitioner’s allegations are refuted by the record.
 
 Id.
 
 at 287.
 
 [1]
 

 In this case, Mr. Echeverría alleged that his plea was not knowingly and voluntarily entered because his trial counsel was ineffective in advising him whether to go to trial and whether to accept a sentence over the original cap of six years in prison. We hold that Mr. Echeverria’s broad, general allegations of ineffectiveness of his counsel do not indicate misad-vice, coercion, or misrepresentation that would require a hearing under
 
 Sheppard.
 

 We also find that a harmless error analysis is appropriate here in light of the instruction in
 
 Sheppard
 
 that “conflict-free counsel is not necessary when the motion’s allegations are conclusively refuted by the record.”
 
 Smith v. State,
 
 21 So.3d 72, 76 (Fla. 1st DCA 2009). In
 
 Smith,
 
 we applied
 
 Sheppard
 
 under facts similar to those in the instant case, where the trial court struck a represented defendant’s pro se motion as a nullity. There, we conducted a de novo review to determine whether the trial court’s decision to strike the appellant’s motion would be affirmable even if reached for the wrong reason.
 
 [2]
 
 We found that even where allegations “are sufficient to invoke the requirement to hold a limited hearing under
 
 Sheppard”
 
 a harmless error analysis would be appropriate.
 
 Id.
 
 at 76;
 
 see also Johnson v. State,
 
 22 So.3d 840, 844 (Fla. 1st DCA 2009) (holding that a trial court’s failure to hold a
 
 Sheppard
 
 hearing may be considered harmless if the allegations in the rule 3.170(Z) motion are conclusively refuted by the record).
 

 Here, the transcript of the plea colloquy demonstrates that Mr. Echeverría actively participated throughout the proceedings. The court asked all the relevant questions, explaining each question and giving Mr. Echeverría ample opportunity to respond. Twice Mr. Echeverría responded to the court that he had an adequate chance to go over the plea document with his attorney. Mr. Echeverría verbally affirmed throughout the colloquy that he understood the terms of the plea agreement including his sentence and his waiver of his right to a jury trial, that the agreement stated the terms that had been discussed, and that he understood his rights under the agreement and what rights he was waiving under the agreement. Because the record conclusively refutes Mr. Echeverria’s allegations that his counsel was ineffective in advising him whether to go to trial and whether to accept his sentence, we find any error by the trial court in failing to hold a
 
 Sheppard
 
 hearing was harmless.
 

 AFFIRMED.
 

 HAWKES, C.J., and WETHERELL, J., concur.
 

 [1]
 

 . The supreme court in
 
 Sheppard
 
 further held that the trial court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant at an evidentiary hearing if it appears to the court that an adversarial relationship has actually arisen and the allegations are not refuted by the record,
 
 id.
 
 at 287.
 

 [2]
 

 . In
 
 Smith,
 
 this court found that the initial matter of whether allegations give rise to an adversarial relationship (as well as the later inquiry as to whether the record conclusively refutes the motion’s allegations) "are both matters that may be decided on the basis of written materials alone,” giving us de novo review of those inquiries.
 
 Id.
 
 at 74-75 (citing
 
 Henyard v. State,
 
 992 So.2d 120, 132 (Fla.2008)).