KHOUZAM, Judge.
Terrence Harris appeals the trial court’s order striking his pro se motion to withdraw plea as a nullity. We reverse and remand for the court to reconsider Harris’s motion based on the procedures outlined in Sheppard v. State, 17 So.3d 275 (Fla.2009).
Harris pleaded guilty to possession of cocaine and was placed on eighteen months’ drug offender probation. He filed a timely motion to withdraw his plea after sentencing, alleging that his trial counsel failed to inform him of the maximum sentence that he could receive if he violated his probation. Harris also alleged that his trial counsel misadvised him about the investigation of a defense witness. The trial court struck the motion as a nullity because Harris did not include an unequivocal request to discharge counsel.
While Harris’s case was pending on appeal, the supreme court decided Sheppard, in which the court recognized a limited exception to the rule of striking pro se pleadings as nullities where a defendant files a pro se motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(() based on allegations giving rise to an adversarial relationship. 17 So.3d at 287. In such a case, the trial court should hold a limited hearing to determine whether an adversarial relationship between counsel and the defendant *6 has arisen. Id. If the court finds that an adversarial relationship exists, it must then determine whether the defendant’s allegations are conclusively refuted by the record. Id. The court’s failure to hold a hearing may be considered harmless error if the allegations in the motion are conclusively refuted by the record. See Johnson v. State, 22 So.3d 840, 844-45 (Fla. 1st DCA 2009) (finding harmless error in trial court’s failure to hold hearing where defendant’s claim was refuted by plea colloquy and plea agreement).
Because the brief plea colloquy in this case fails to conclusively refute Harris’s allegations, we reverse and remand for the trial court to reconsider Harris’s motion to withdraw plea based on the procedures outlined in Sheppard.
Reversed and remanded for further proceedings.
CASANUEVA, C.J., and KELLY, J., Concur.