LaROSE, Judge.
 

 Kevin Burns appeals an order revoking his probation and sentencing him to prison.
 
 See
 
 Fla. R. App. P. 9.140(b)(1)(D). The trial court required his counsel to represent him at the revocation hearing, despite an alleged conflict between Mr. Burns and counsel. Mr. Burns claims that the trial court should have held a hearing to explore the nature and extent of the alleged conflict. We agree and reverse.
 

 FACTS
 

 The State charged Mr. Burns with multiple counts of burglary. Upon advice of counsel from the Public Defender’s Office, Mr. Burns pleaded no contest. The trial court withheld adjudication, sentenced Mr. Burns to a suspended term of six years’ imprisonment, and placed him on probation for six years.
 

 Mr. Burns twice violated his probation. Each time, the court reinstated probation. Upon a third violation, the trial court scheduled a revocation hearing.
 

 Another lawyer from the same Public Defender’s Office represented Mr. Burns in the revocation proceedings. Prior to the hearing, however, Mr. Burns filed a pro se motion to correct illegal sentence. He alleged that his original counsel provided incorrect information when advising him to enter a plea; thus, the plea was neither knowing nor voluntary.
 

 At the revocation hearing, Mr. Burns’ new counsel advised the trial court of the potential conflict of interest and asked to withdraw. The trial court took a short recess so counsel could speak with her supervisor. After the recess, counsel’s supervisor appeared at the hearing. He told the trial judge that there was no motion to withdraw because private counsel (who did not appear for Mr. Burns) told him that Mr. Burns was going to withdraw his pro se motion. The supervisor then said, “[I]f [Mr. Burns] would like to waive the conflict ... we’re happy to go forward.... ” Mr. Burns never waived the conflict, and he never withdrew his pro se motion. The trial court ordered counsel to continue representing Mr. Burns. Ultimately, the trial court found that Mr. Burns had violated his probation and sentenced him to six years in prison.
 

 ANALYSIS
 

 We surmise that the trial court ordered counsel to continue representing Mr. Burns because his motion was filed pro se. Ordinarily, a pro se motion filed by a represented party is a nullity.
 
 Smith v. State,
 
 21 So.3d 72, 74 (Fla. 1st DCA 2009). This general rule, however, is not unyielding.
 
 Sheppard v. State,
 
 17 So.3d 275, 285 (Fla.2009). A represented defendant’s pro se motion is not a nullity when it asserts an adversarial relationship between the defendant and defense counsel.
 
 Id.
 
 at 285;
 
 see also Sviith,
 
 21 So.3d at 74-76. A pro se motion presents an adversarial relationship when it alleges “counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea.”
 
 Sheppard,
 
 17 So.3d at 287.
 
 [1]
 
 In
 
 Sheppard,
 
 the Florida Supreme Court articulated the rationale for this exception:
 

 [If these allegations are treated as a nullity,] [t]he administration of justice is further frustrated by the consequence that these allegations, once stricken because a defendant is represented by
 
 *747
 
 counsel, may reappear on postconviction in allegations of ineffective assistance of eounsel[,] requiring both the State and defense counsel to respond to those allegations later rather than sooner.
 

 Id.
 
 at 286.
 

 Once a defendant files a pro se motion alleging an adversarial relationship, the trial court must determine whether an adversarial relationship does exist.
 
 Id.
 
 at 287. The trial court must hold a hearing at which the defendant, defense counsel, and the State are present.
 
 Id.
 
 If the trial court determines that an adversarial relationship exists between the defendant and defense counsel, it must appoint conflict-free counsel to represent the defendant unless the record conclusively refutes the defendant’s allegations.
 
 Id.
 

 Mr. Burns’ allegations are sufficient to invoke the
 
 Sheppard
 
 procedure. Mr. Burns alleged that his original counsel misadvised him and rendered the plea unknowing and involuntary. The trial court should have held a hearing to determine if an adversarial relationship existed and conflict-free counsel was necessary.
 

 We recognize that conflict-free counsel is not necessary if “the record conclusively refutes the defendant’s allegations.”
 
 Smith,
 
 21 So.3d at 74. Under those circumstances, any error committed by the trial court is harmless.
 
 Harris v. State,
 
 45 So.3d 4, 6 (Fla. 2d DCA 2010);
 
 Johnson v. State,
 
 22 So.3d 840, 844-45 (Fla. 1st DCA 2009) (finding harmless error in the trial court’s failure to hold a hearing where the defendant’s claim was refuted by plea colloquy and plea agreement). Our record does not allow us to reach that conclusion. Mr. Burns alleges that his plea agreement was not knowing or voluntary because he was misadvised by counsel. Our record, however, does not include the plea colloquy. Accordingly, we must reverse the judgment and sentence upon revocation of Mr. Burns’ probation and remand with directions to conduct a
 
 Sheppard
 
 hearing.
 

 Reversed and remanded with instructions.
 

 WHATLEY and WALLACE, JJ., Concur.
 

 [1]
 

 . A defendant is not required to affirmatively seek the discharge of his counsel to bring to the trial court’s attention a clear adversarial relationship.
 
 Sheppard,
 
 17 So.3d at 286.