OSTERHAUS, J.,
dissenting.
I respectfully dissent and would not remand this case because the record conclusively refutes the allegations in Mr. Ti-pler’s motion to withdraw plea. See Johnson v. State, 22 So.3d 840, 845 (Fla. 1st DCA 2009) (finding harmless error in the trial court’s summary denial of a motion to withdraw plea because the motion’s allegation was conclusively refuted by the record); Gumbs v. State, 143 So.3d 1160, 1164 (Fla. 4th DCA 2014) (noting that if the record did not conclusively refute a defendant’s allegations, then he was entitled to an evidentiary hearing).
Mr..Tipler sought to withdraw his plea after he was sentenced because allegedly the State broke a promise and one of his attorneys misadvised him regarding his chances of serving the sentence at the correctional institution of his choice. The motion reckoned his plea involuntary because he had “a promise extracted from the State, as a critical part of the plea agreement, ... not to oppose placement at the prison of Defendant’s choosing” near Panama City. As it turned out, however, the Department of Corrections (DOC) did not place Mr. Tipler at the institution of his choice, but at an institution near Pensacola. Mr. Tipler’s motion asserted that the State created an “expectation of placement that was false and fraudulent.” And *1195 he blamed one of his trial attorneys (he claimed to have three retained lawyers) for mistaken advice because it was “impossible” for him to be placed at his preferred institution.
The transcript of the plea hearing refutes Mr. Tipler’s allegations of coercion and mistaken advice regarding his placement. His placement was addressed at the plea hearing where defense counsel specifically asked the court to recommend a placement near Panama City: “The State is not going to oppose our requesting a designation recommendation to [DOC] that he be placed in Panama City Correctional Institution. Understanding that’s simply a recommendation.” (Emphasis added). Later at the hearing, the State requested that the Court specifically ask Mr. Tipler “if there’s anyone ... who made threats or promises to him, other than what he’s heard here in court on these recommendations, that caused him to enter this plea, first; and secondly, if the Defendant is satisfied with advice and representation of his counsel.” In turn, the Court confirmed with Mr. Tipler himself that he wasn’t coerced or promised anything, and that he was satisfied with his attorney. Only then did the Court recommend a placement, without State opposition, as follows: “The Court recommends that the Defendant be allowed to serve any incarceration at the Florida [DOC] in Panama City ... Bay Correctional Institute.” (Emphasis added).[4] Through all of this, no one — not defense counsel, the State, the trial court, or Mr. Tipler himself — referred to either a promise or an expectation of a specific placement, but only to a “recommended” placement.
Under these circumstances, I think the trial court’s decision not to hold a hearing was a harmless error because the record conclusively refutes Mr. Tipler’s allegations of coercion and mistaken advice regarding his placement. I would affirm.

. Mr. Tipler's pro se motion to withdraw plea motion further conceded that he understood the nature of the trial court's action at the plea hearing: "Defendant heard that the Court’s recommendation was just that.”