IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID E. ZIPPERER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4101

_____/

Opinion filed October 12, 2015.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jessica DaSilva, Assistant Attorney General, Tallahassee, for Appellee.


PER CURIAM.

      David Zipperer appeals an order dismissing his timely pro se motion to withdraw his plea after admitting to violating his probation and being sentenced for the underlying crimes. The motion, filed before defense counsel filed the notice of appeal from the judgment and sentence, alleged as grounds only that

> The plea was entered without a full understanding of options that should have been presented to him by his trial counsel. Also, undersigned was unaware that he could present witnesses on his behalf prior to sentencing.

The lower court dismissed Zipperer's motion as unauthorized because he was represented by counsel. *See Johnson v. State*, 974 So. 2d 363, 364-65 (Fla. 2008) (citing *Logan v. State*, 846 So. 2d 472, 473 (Fla. 2003) (stating that criminal defendants do not have the constitutional right to simultaneously be represented by counsel and represent themselves)).

In *Sheppard v. State*, 17 So. 3d 275 (Fla. 2009), the supreme court held that when a represented defendant files a pro se post-sentencing motion to withdraw a plea, the trial court should not strike the motion as a nullity if it contains allegations that give rise to an adversarial relationship (e.g., misadvice, misrepresentations or coercion by counsel). *Id.* at 287. The court should, instead, "hold a limited hearing" to determine whether "an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record[.]" *Id.*

We conclude the general ineffectiveness allegation in Zipperer's motion, that there were "options that should have been presented to him by his trial counsel," was insufficient to show misadvice, misrepresentation or coercion by counsel such that a *Sheppard* hearing was required. *See Echeverria v. State*, 33 So. 3d 802, 804 (Fla. 1st DCA 2010) (holding allegations that trial counsel was ineffective in advising

2

defendant whether to go to trial and whether to accept a certain sentence were "broad, general allegations of ineffectiveness" that did not "indicate misadvice, coercion, or misrepresentation that would require a hearing under *Sheppard*."). In any event, the transcript of the plea colloquy and the plea form Zipperer signed refute his allegation that there were "options" he believes counsel failed to tell him about. And if the allegation that Zipperer did not know he could present witnesses at the sentencing hearing arguably suggests an adversarial relationship, it too is refuted by the record which reflects that trial counsel indeed called Zipperer's mother and aunt to testify on his behalf. Consequently, even if the trial court had erred by dismissing the motion, the error would be harmless. *See Echeverria*, 33 So. 3d at 804 (citing *Smith v. State*, 21 So. 3d 72, 76 (Fla. 1st DCA 2009), and *Johnson v. State*, 22 So. 3d 840, 844 (Fla. 1st DCA 2009)).

AFFIRMED.


MARSTILLER, RAY, and SWANSON, JJ., CONCUR.