# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3824

_____

JUSTIN RASHAD HOWARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

July 23, 2019

PER CURIAM.

Justin Rashad Howard appeals the trial court's order striking his *pro se* motion to withdraw plea. For the reasons that follow, we affirm.

Upon entering an open plea of guilty, Appellant was convicted of numerous offenses and sentenced as a habitual violent felony offender ("HVFO"). We reversed the denial of his motions to correct illegal sentence upon concluding that he did not qualify as an HVFO. *See Howard v. State*, 245 So. 3d 962 (Fla. 1st DCA 2018). On remand, Appellant was appointed counsel for the re-sentencing hearing, following which he filed a *pro se* motion to withdraw his plea. In his motion, Appellant alleged that his plea of guilty "was involuntary and unintelligent d[ue] to the fact that

he was under the impression he was HVFO when in fact he was not" and the court prejudiced him by erroneously sentencing him as an HVFO. The trial court struck Appellant's motion as a nullity because he was still represented by counsel, citing *Sheppard v. State*, 17 So. 3d 275 (Fla. 2009). This appeal followed.

The Florida Supreme Court has announced "a limited exception" to the rule of striking *pro se* pleadings as a nullity where a represented defendant files a *pro se* post-sentencing motion to withdraw plea that "contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea." *Sheppard*, 17 So. 3d at 276-77, 286. The Court explained that "[u]nlike a general allegation of a conflict of interest with the lawyer, allegations that the lawyer misadvised the defendant, misrepresented the terms of the plea, or coerced the defendant into accepting the plea create an adversarial relationship where the lawyer cannot both represent his client and refute the allegations." *Id.* at 286. "In narrow circumstances such as these," the pleading should not be stricken as a nullity; instead, the following procedure is to be followed:

> [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

*Id.* at 287.

The initial inquiry of whether the motion's allegations give rise to an adversarial relationship is a matter that may be decided based on written materials alone and is, therefore, reviewed *de novo*. *Smith v. State*, 21 So. 3d 72, 74-75 (Fla. 1st DCA 2009). "[W]here a defendant alleges an unfortunate circumstance leading to the entry of an uninformed plea, but does not blame the attorney for that circumstance, the allegation does not give rise to an adversarial relationship." *Id.* (finding that the appellant's allegation that he was unable to review the evidence against him

failed to allege an adversarial relationship because it did not assign blame to defense counsel).  Additionally, "general claims of ineffectiveness of [] counsel do not sufficiently allege an adversarial relationship requiring a *Sheppard* hearing." *Echeverria v. State*, 33 So. 3d 802, 803-04 (Fla. 1st DCA 2010) (affirming the striking of the represented appellant's *pro se* motion to withdraw plea as a nullity because his allegations "that his plea was not knowingly and voluntarily entered because his trial counsel was ineffective in advising him whether to go to trial and whether to accept a sentence over the original cap of six years in prison" were "broad, general allegations of ineffectiveness of his counsel [that] do not indicate misadvice, coercion, or misrepresentation that would require a hearing under *Sheppard*"); *see also Zipperer v. State*, 177 So. 3d 665, 666 (Fla. 1st DCA 2015) ("We conclude the general ineffectiveness allegation in Zipperer's motion, that there were 'options that should have been presented to him by his trial counsel,' was insufficient to show misadvice, misrepresentation or coercion by counsel such that a *Sheppard* hearing was required.").

Appellant was represented by counsel at the time he filed his *pro se* motion to withdraw plea, in which he alleged that his plea was entered involuntarily and unintelligently because "he was under the impression he was HVFO when in fact he was not" and the court prejudiced him by erroneously sentencing him as an HVFO.  Appellant's allegations do not assign blame to defense counsel and do not give rise to an adversarial relationship to require a *Sheppard* hearing.  Therefore, we affirm the trial court's order striking Appellant's *pro se* motion to withdraw plea.

AFFIRMED.

LEWIS, B.L. THOMAS, and ROBERTS, JJ., concur.

-----

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

-----

3

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.